Fuld, J.
This appeal involves the constitutionality of the statute restricting the erection of billboards and other advertising devices along the Thruway.
The advertising sign in question carried the legend “ OX EXIT 14-THKXTWAY ASHLEY MOTEL (aaa) ”, the motel being located some miles from where the sign was located. The Thruway Authority instituted this suit to enjoin the defendants—Ashley Motor Court, the owner of the motel, *155 Highway Displays, the party who maintained the sign, and Ramapo Land Company, who owned the land where the sign was situated—from continuing to use the sign and to have them remove it. The courts below decided in favor of the Thruway, upholding the validity of the statute, and the defendants appeal to us as of right.
Attending the enactment of the statute, section 361-a of the Public Authorities Law (L. 1952, eh. 593), were explicit legislative findings that the ‘ ‘ unrestricted and unregulated erection and maintenance of advertising devices adjacent to the thruway system would create conditions which are inimical to the public interest, interfere with the safety, comfort, security and welfare of the people of this state and mar the natural beauty of areas adjacent to the thruway system. In order to prevent such conditions the legislature hereby determines that the following enactment [§ 361-a] is necessary” (§ 1).
In its first subdivision, section 361-a prohibits the erection of any billboard or other advertising device located within a specified distance of the nearest edge of the Thruway pavement unless a written permit is granted by the Thruway Authority.[1] Subdivision 2 defines an “ advertising device ” as any device ‘ ‘ intended to attract or which does attract the attention ’ ’ of those driving motor vehicles on the Thruway. Subdivision 3 gives the Authority the power to adopt regulations for the issuance of permits for advertising devices; such regulations, it is specified, “ shall be designed to effectuate the general purposes ” of the statute and “ the specific objectives and standards ” are set out as follows:
(a) “To provide for maximum visibility ’ ’;
(b) “To prevent unreasonable distraction” of motor vehicle operators;
(c) “To prevent confusion with regard to traffic lights, signs or signals ’ ’ or other interference with the effectiveness of traffic regulations;
(d) “ To preserve and enhance the natural scenic beauty or the aesthetic features of the thruway system ” and
(e) “ To promote maximum safety, comfort and well-being of the users of the thruway. ’ ’
*156 And, by subdivision 7, the Authority is expressly empowered to permit advertising devices — such as signs giving the names and addresses of the owners of the property on which they are placed or indicating the sale or leasing of such property-—-if it finds that they do not interfere with safety or contravene any other specified standards.
The sign in question, for which no permit was ever sought by any one, is located within 500 feet of the edge of the Thruway pavement and was originally placed on defendant Ramapo’s property adjacent to Route 17 in 1937. When, in 1958, that property was condemned for use in connection with the widening of Route 17, it was moved to its present location on adjacent land.
The defendants argue that section 361-a is invalid because it is not reasonably related to the public health, morals or safety and because it constitutes a taking of property rights without compensation.
There can be no doubt that the statute is reasonably related to a legitimate legislative purpose. As both the Legislature’s finding and the statute’s listed objectives make clear, the legislation was aimed at rendering the Thruway safe for the traveling public — by providing for maximum visibility and by preventing unreasonable distractions. There are some, perhaps, who may dispute whether billboards or other advertising devices interfere with safe driving and constitute a traffic hazard (see Price, Billboard Regulations Along the Interstate Highway System, 8 Kansas L. Rev. 81, 88), but mere disagreement may not cast doubt on the statute’s validity. Matters such as these are reserved for legislative judgment, and the legislative determination, here expressly announced, will not be disturbed unless manifestly unreasonable. (See, e.g., Wiggins v. Town of Somers, 4 N Y 2d 215, 218-219; Lincoln Bldg. Associates v. Barr. 1 N Y 2d 413, 415-416.)
It has been said that billboards can be as destructive of the beauties of the countryside as a plague of locusts and that, consequently, aesthetic considerations alone are enough to sustain enactments restricting and regulating the erection of advertising devices. We need not, however, concern ourselves with the question whether the preservation of £ 1 the natural scenic *157 beauty” (§ 361-a, subd. 3, par. [d]) would in and of itself be a sufficient basis for the legislation under consideration. The fact is that the statute before us refers to the aesthetic element as but one of the “ objectives and standards ’’which the Authority should have in mind in adopting regulations for the issuance of permits. The other factors to be considered by the agency— such as the promotion of “ maximum safety ” and the prevention of “ unreasonable distraction ” and “ confusion ” (§ 361-a, subd. 3, pars, [b], [c], [d])—undoubtedly justify the exercise of the police power. (See, e.g., Matter of Presnell v. Leslie, 3 N Y 2d 384, 389; Perlmutter v. Greene, 259 N. Y. 327, 332.) As Chief Judge Pounn put it in the Perlmutter case (259 N. Y., at p. 332), “ Beauty may not be queen but she is not an outcast beyond the pale of protection or respect. She may at least shelter herself under the wing of safety, morality or decency.”
As to the defendants’ argument that they are being deprived of their property without due process of law, it is enough to point out, as was found below, that, although the sign existed at another location at a prior time, it was relocated and placed in its present position in 1958, some years after the effective date of the statute, and that this constituted the erection of a new sign.
Even supposing, however, that the defendants possessed valid and subsisting property rights which the legislation here in issue abrogated, this would not provide sufficient basis for declaring the statute unconstitutional. In this connection, it is to be borne in mind that it was the very construction of the Thruway which created the element of value in the land abutting the road. Billboards and other advertising signs are obviously of no use unless there is a highway to bring the traveler within view of them. What was taken by the regulation, therefore, was the value which the Thruway itself had added to the land and of this the defendant cannot be heard to complain. The police power is 1 ‘ the least limitable of the powers of government and * * * extends to all the great public needs ” (People v. Nebbia, 262 N. Y. 259, 270, affd. 291 U. S. 502), and if the end desired be within the power of the State and the means used are reasonably suited to that end, it is no objection that “ the rights of private property are thereby curtailed”. *158 (People ex rel. Durham Realty Corp. v. La Fetra, 230 N. Y. 429, 442; see, also, Home Bldg. & Loan Assn. v. Blaisdell, 290 U. S. 398, 438; St. Louis Poster Adv. Co. v. St. Louis, 249 U. S. 269, 274.)
Since, therefore, section 361-a of the Public Authorities Law represents a constitutional exercise of the State’s police power (see, e.g., Cusack Co. v. City of Chicago, 242 U. S. 526; Packer Corp. v. Utah, 285 U; S. 105; General Outdoor Adv. Co. v. Department of Public Works, 289 Mass. 149; Kelbro, Inc., v. Myrick, 113 Vt. 64), the injunction was properly issued to require the defendants to remove the advertising device which they are maintaining.
The judgment of the Appellate Division should be affirmed, without costs.
Chief Judge Desmond and Judges Dye, Froessel, Van Voorhis, Burke and Foster concur.
Judgment affirmed.

. At the time this suit was instituted, the prohibited distance was 500 feet; it was later increased to 660 feet (L. 1960, eh. 904).