Edward S. Conway, J.
This is a motion by the plaintiffs for an order striking out defendants’ answer and directing the entry of summary judgment in favor of plaintiffs, and for declaratory judgment against the defendants for the relief demanded in the complaint upon the grounds that section 399-a of article 26 of the General Business Law is unconstitutional, invalid and null and void.
The defendants oppose the plaintiffs’ motion for summary judgment and cross-move for an order dismissing the complaint and declaring that the aforesaid statute is legal and constitutional in all respects.
Plaintiffs are two corporations engaged in the business of manufacturing coin locks, hinges and other related equipment to regulate entry into toilet facilities. They lease these restroom devices to individuals, corporations and public authorities throughout the State of New York.
The New York State Legislature passed an act in August of 1975 which became chapter 666 of the Laws of 1975. That act amended the General Business Law by adding thereto a new section 399-a.
Section 399-a provides as follows:
"1. On and after September first, nineteen hundred seventy-five, no owner, lessee or other occupant of any real property or any other person, copartnership or corporation shall operate or permit to be operated pay toilet facilities upon such real property.
”2. A violation of the provisions of this section shall constitute a violation.”
Plaintiffs then commenced an action on August 27, 1975 *191 seeking declaratory and injunctive relief declaring said statute unconstitutional and permanently enjoining and restraining defendants from enforcing the provisions of same.
Plaintiffs contend that the statute unconstitutionally interferes with plaintiffs’ rights under existing contracts and restricts plaintiffs’ right to enter into contracts. Further, they contend that the statute is an unreasonable exercise of the State’s police power and that the statute violates the equal protection clause of the United States Constitution since it prohibits pay toilets while it does not prohibit the use of key-locked toilet facilities.
The court cannot agree with these contentions of the plaintiffs. The State, as a reasonable exercise of its police power, may constitutionally enact statutes such as the instant statute which have the effect of negating vested contractual rights (New York State Thruway Auth. v Ashley Motor Ct., 10 NY2d 151). Where a statute is challenged as depriving plaintiffs of their contractual rights without due process of law, the courts have asked the question whether there is some fair, just and reasonable connection between the statute and the promotion of the health, comfort, safety and welfare of society (Nettleton Co. v Diamond, 27 NY2d 182; People v Pagnotta, 25 NY2d 333; People v Bunis, 9 NY2d 1; Defiance Milk Prods. Co. v Du Mond, 309 NY 537). The availability of toilet facilities to the public is a matter of legitimate concern to the government and access to such facilities by the public is a necessity. The instant statute which regulates such access is well within the scope of the police power in the furtherance of the promotion of the health, comfort, safety and welfare of the public as a whole.
There is no question that the statute is reasonably related to accomplish the objectives of the Legislature as the justification for the legislation is stated by the Legislature as follows: "Pay toilet facilities are essentially a tax on human biological functions. In addition, it is a discriminatory tax, in that women often have no choice but to use these pay facilities, while men frequently have access to free toilet facilities. The State of New York should no longer allow such pay toilet facilities to exist.”
These considerations sustain the validity of the statute.
The plaintiffs’ contentions that the Legislature could have used a different method to accomplish the same end does not render the statute invalid. The suggestion by the plaintiffs *192 that a statute permitting both free and pay toilet facilities would be a better statute is not the question before this court. This court can only consider the statute as passed by the Legislature. This court should not and will not substitute its judgment for that of the Legislature since it is not the court’s duty to judge the wisdom of legislation (Matter of Taylor v Sise, 33 NY2d 357).
The statute prohibiting a charge, no matter what type of lock is put upon the toilet facility, does not in this court’s opinion violate the equal protection clause of the Constitution even though the use of a coin-operated lock is prohibited and a key lock is not.
Accordingly, the motion of the plaintiffs for summary judgment is denied, and the cross motion of the defendants adjudging and declaring the statute to be constitutional is in all respects granted.