■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY STUBBS and HANDY STEPHENS, JR., Appellants.—Appeals by defendants from two judgments (one as to each of them) of the County Court, Dutchess County, rendered February 5, 1975 (as to defendant Stubbs) and February 26, 1975 (as to defendant Stephens), respectively, convicting them of robbery in the first degree, robbery in the second degree, grand larceny in the third degree, petit larceny and conspiracy in the second degree, upon a jury verdict, and imposing sentence. Judgments modified, on the law, by reversing the respective convictions of robbery in the second degree, grand larceny in the third degree and petit larceny, and the sentences imposed thereon, and the counts upon which said convictions are based are dismissed. As so modified, judgments affirmed. The findings of fact are affirmed. Under the facts of this case, defendants could not have committed robbery in the first degree without also having committed robbery in the second degree, grand larceny in the third degree and petit larceny. Therefore, the respective guilty verdicts on the robbery in the first degree counts required dismissal of the robbery in the second degree, grand larceny in the third degree and petit larceny counts (see CPL 300.40, subd 3, par [b]; *People v Grier,* 37 NY2d 847). We have examined the other arguments raised by defendants and find them to be without merit. Hopkins, Acting P. J., Martuscello, Latham, Rabin and Titone, JJ., concur.

THIRD DEPARTMENT, MARCH, 1976

(March 2, 1976)

■ NIK-O-LOK COMPANY et al., Appellants, v HUGH L. CAREY, as Governor of the State of New York, et al., Respondents.—Motion for preliminary injunction pending appeal pursuant to CPLR 5518 granted, without costs, and without prejudice to a motion by respondents to vacate the injunction in the event appellants shall fail to file and serve, on or before March 12, 1976, record, brief and notice of argument for the term commencing April 5, 1976. Pending determination of the appeal, appellants herein shall not renew any presently existing contracts for the use of coin-operated toilet facilities, nor shall they enter into any new contract or install any new coin-operated facility within the State of New York. Sweeney, J. P., Kane, Mahoney, Main and Larkin, JJ., concur. [85 Misc 2d 189.]