John NEIKIRK *v.* STATE of Arkansas

CR 76-79                    542 S.W. 2d 282

Opinion delivered October 25, 1976

Appellant, *Pro Se.*

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

ELSIJANE T. ROY, Justice. In October, 1975, appellant was stopped by an Arkansas State Trooper on Interstate 30

for traveling 73 miles an hour in a 55 mile per hour zone. It was stipulated that the posted speed at the site was 75 miles per hour prior to the reduction to the 55 mile per hour limit. Appellant admits he was driving in excess of the posted limit. He was fined $5 and costs for the violation, and he lodges this appeal raising numerous constitutional issues.

Appellant first avers that the "Congressional speed limit" is not a regulation of interstate commerce and that, in setting the speed limit in Arkansas, Congress acted beyond the scope of its powers under the Commerce Clause of the United States Constitution.

We do not agree with appellant. Congress established the acceptable speed limits to be used on all public highways, but the States had the right to accept or reject the recommended speed limit subject to certain penalties. The Arkansas Highway Commission pursuant to statutory procedures established the Arkansas 55 mile per hour limit. See Ark. Stat. Ann. § 75-601 et seq. (Supp. 1975). These limits are based upon engineering and traffic investigations of the Commission. See § 75-601, *supra*. The Commission adopted the suggested national standard in conformity with its own investigations and thus it, and not the Congress, established the State limit. Appellant's position here, therefore, is without merit.

Appellant's next contention is that the "Congressional speed limit" violates the constitutional guarantee to Arkanaas of a republican form of government. The thrust of this allegation seems to be that the speed limit has not been established by the State and the people have been deprived of some right. This argument is without merit since the people by legislative process have created the Highway Commission and have vested it with the authority to establish and to post speed limits in Arkansas.

Appellant also argues the speed limit is violative of the Fifth and Fourteenth Amendments to the United States Constitution because the action of Congress, as endorsed and adopted by this State, reducing the national speed limit denies him both due process and equal protection of the law.

In *Yarbrough* v. *Ark. State Highway Commission*, 260 Ark. 161, 539 S.W. 2d 419 (1976), this Court had before it a constitutional attack upon the Federal Highway Beautification Act and the Arkansas enabling legislation adopting the guidelines prescribed by the Federal Act regulating the display of signs along certain highways. The legislation was held valid and constitutional issues similar to the ones raised herein were discussed at length.

In *National League of Cities* v. *Usery*, 426 U.S. 833, 96 S. Ct. 2465, 49 L. Ed. 2d 245 (1976), the Court said:

> It is established beyond peradventure that the Commerce Clause of Art. 1 of the Constitution is a grant of plenary authority to Congress. That authority is, in the words of Chief Justice Marshall in *Gibbons* v. *Ogden*, 9 Wheat (22 US) 1, 6 L Ed 23 (1824), " . . . the power to regulate; that is to prescribe the rule by which commerce is to be governed." Id., at 196, 6 L Ed 23.

> \* \* \*

> "[e]ven activity that is purely intrastate in character may be regulated by Congress, where the activity, combined with like conduct by others similarly situated, affects commerce among the States or with foreign nations." *Fry* v. *United States*, 421 US 542, 547, 44 L Ed 2d 363, 95 S Ct 1792 (1975).

Accordingly, we find this contention without merit.

Appellant further urges that he has been penalized because no special classification based on fuel economy has been made. Since fuel economy vehicles can be driven at more than 55 miles per hour while using less gasoline than other less economical conveyances use when driving at the prescribed limit, appellant insists a classification based on fuel economy should have been made.

Appellant's "classification" is incidental to a broad standard covering all vehicle operators, and the classification is in no way arbitrary or invidious. Furthermore the obvious impossibility of establishing a variable speed limit correlative to

mileage per gallon per vehicle is immediately apparent. A constant limit can provide the only manageable regulation of vehicular speed.

As to appellant's contention of denial of due process, over 40 years ago in *Nebbia* v. *New York*, 291 U.S. 502, 54 S. Ct. 505, 78 L. Ed. 940 (1934) the Court stated:

> The Fifth Amendment, in the field of federal activity, and the Fourteenth, as respects state action, do not prohibit governmental regulation for the public welfare. * * * And the guaranty of due process, as has often been held, demands only that the law shall not be unreasonable, arbitrary or capricious, and that the means selected shall have a real and substantial relation to the object sought to be attained. * * *

See also *Gruenwald* v. *Gardner*, 390 F. 2d 591 (2d Cir. 1968), cert. denied 393 U.S. 982, 89 S. Ct. 456, 21 L. Ed. 2d 445 (1968). Appellant has made no showing that the regulation as it applies to him is arbitrary, unreasonable or capricious. So this contention is without merit.

Other arguments urge that Congress has illegally forced the State into a position of compliance with a federal mandate. In *City of Burbank, et al.* v. *Lockheed Air Terminal, Inc., et al.*, 411 U.S. 624, 93 S. Ct. 1854, 36 L. Ed. 2d 547 (1973), quoting from the early case of *Cooley* v. *Board of Wardens*, 53 U.S. (12 How.) 299, 13 L. Ed. 996 (1851), the Court said:

> * * * Whatever subjects of this power [to regulate commerce] are in their nature national, or admit only of one uniform system, or plan of regulation, may justly be said to be of such a nature as to require exclusive legislation by Congress. * * *

Interstate highways are established for the benefit of all, and insofar as the Congressional determination that the speed limit of 55 is the standard for maintenance of that general welfare, the power is not exercised either arbitrarily or discriminatorily, but with reason and judgment. A declared national objective of curtailing needless energy consumption affects the national economy and is a legitimate

purpose.

Appellant also argues that Congress has unlawfully assumed the policing of highways which is a State power. The answer to this contention is that Congress has not infringed upon the State's right to police the highways and to enforce the speed limit.

We also have considered all other points raised by appellant and find them to be without merit.

Affirmed.

We agree. HARRIS, C.J., and BYRD and HOLT, JJ.