ARKANSAS STATE HIGHWAY COMMISSION *v.*
Benny ROARK

91-327                                   828 S.W.2d 843

Supreme Court of Arkansas
Opinion delivered May 4, 1992

*Treeca J. Dyer*, for appellant.

*Wynne & Wynne*, by: *Tom Wynne, III*, for appellee.

STEELE HAYS, Justice. This appeal presents an issue of first impression under the Arkansas Highway Beautification Act, Ark. Code Ann. § 27-74-401—502 (1987 and Cum. Supp. 1991). In part, the act provides that junkyards within a thousand feet of interstate, primary and designated highways be screened from the view of the traveling public unless they are in an area zoned for industrial use.

Appellee Benny Roark operates Big Ben's Auto Salvage in Fordyce, consisting of some fifty acres adjacent to U.S. Highway 79. In May 1984 the Arkansas State Highway Commission (plaintiff/appellant) identified and classified Big Ben's Auto Salvage as an illegal junkyard and notified Mr. Roark of the screening requirements of the act. Some attempt was made toward compliance, but not agreeably to the Commission and finally it petitioned the chancery court for a mandatory injunction.

In March 1991, just prior to trial on April 1, the City of Fordyce granted Mr. Roark's application to rezone a portion of his property from commercial to industrial usage. Following trial, the chancellor held that the case was controlled by that provision of the act [Ark. Code Ann. § 27-74-406 (1987)] which exempts junkyards zoned for industrial usage and relieved Roark of any screening requirement under the act. The Commission has appealed and we reverse.

The Commission contends that the chancellor erred, first, in

ruling § 27-74-406 is controlling over Ark. Code Ann. § 27-74-405 (1987) where an existing junkyard is rezoned to defeat the requirement of the state and federal highway beautification acts; and, second, in finding that an established junkyard prohibited under § 27-74-405 can become a permitted junkyard under § 27-74-406 by subsequent zoning to an industrial usage.

The chancellor's findings that § 27-74-406 is controlling over § 27-74-405 and that an established junkyard can become a permitted junkyard by subsequent zoning to industrial usage are clearly erroneous under the circumstances. Section 27-74-405 provides that no junkyard shall be established, operated, and maintained, any portion of which is within 1,000 feet of the right-of-way of any interstate, primary or designated highway. However, § 27-74-406, on which Roark relies, makes allowance for junkyards "within those areas which are zoned industrial under authority of the laws of this state."

Thus the issue presented is whether the appellee can avoid the screening requirements of the highway beautification act by the simple expediency of rezoning his property to industrial use so as to come within the exception recited in § 27-74-406. We think not, and certainly not in the context of this case. We construe the act to mean that the exemption for industrial zoning applies to zoning in existence on the effective date of the act.

Among other things, the Federal Highway Beautification Act (23 U.S.C.S. § 131, et seq.) provides for the control of junkyards and billboards to preserve natural beauty and promote public safety and investment in areas adjacent to the interstate and primary highway systems. In furtherance of the act's objectives, Congress required states receiving federal funds to establish provisions for the effective control of billboards and junkyards. The Arkansas Highway Beautification Act was adopted pursuant to that congressional directive and declares that junkyards not conforming to its provisions are public nuisances.

We find merit in the Commission's argument that the language used in § 27-74-406 is conjunctive, i.e., "nothing shall prohibit the establishment, maintenance, *and* operation of outdoor junkyards. . . ," (our emphasis), lending substance to the inference that a junkyard must be established in an *existing*

industrial zone in order to claim the exemption provided for in § 27-74-406.

■ We deem the Arkansas Highway Beautification Act to be remedial and, hence, to be liberally construed so as to effectuate the purpose sought to be accomplished by its enactment. *See* generally *Yarbrough* v. *Arkansas State Highway Commission*, 260 Ark. 161, 539 S.W.2d 419 (1976). In that light we hold the act cannot be avoided by taking recourse to industrial zoning for no purpose other than to escape its modest requirements.

Reversed and remanded for the entry of a decree in harmony with this opinion.