The Honorable Jim Hendren State Representative Route 1, Box 260 Sulphur Springs, AR 72768
Dear Representative Hendren:
This is in response to your request for an opinion regarding a particular ordinance enacted by the City of Lowell, Arkansas. Ordinance #347 is entitled:
 AN ORDINANCE AMENDING THE LOWELL CODE OF ORDINANCES TO AUTHORIZE THE FIRE CHIEF TO REQUIRE CERTAIN BUSINESSES AND INDUSTRIES TO PROVIDE, KEEP AND MAINTAIN A KEY BOX, PROVIDING FOR OTHER MATTERS RELATING THERETO, AND DECLARING AN EMERGENCY
The Ordinance states in relevant part as follows:
 Key Box: When access to or within a structure or an area is in the opinion of the Fire Chief, unduly difficult because of secured openings or where immediate access is necessary for life saving or fire fighting purposes, or when hazardous materials data are required to be provided to the fire department by occupants of the structure, the Fire Chief may require a key box to be installed in an accessible location.
You state in your request that this ordinance is apparently being interpreted to require a lock box on all businesses in the city. I must initially note that the interpretation of local ordinances does not ordinarily fall within the scope of an Attorney General opinion. I lack the resources and the authority to undertake an inquiry into the city council's intent in enacting this particular measure. I would, however, observe that the ordinance plainly states the circumstances under which it is applicable and that it is limited to businesses which fall within its coverage.
I assume, however, from the materials attached to your request, that you are also inquiring as to the constitutionality of the ordinance. This determination will, in my opinion, turn largely upon questions of interpretation. If the ordinance is, in fact, being interpreted to require installation of key boxes on all businesses without regard to special circumstances referenced in the ordinance, it is possible that a constitutional challenge could be maintained. The exact reach of the ordinance will, however, have to be initially determined in order to conclusively assess the reasonableness of the regulation.
The key legal question is whether an ordinance which requires a lock box on all businesses constitutes a lawful exercise of the city's police power. The police power, which resides in the state as sovereign (seeHickenbottom v. McCain, 207 Ark. 485, 181 S.W.2d 226 (1944)), has been conferred on the municipalities under A.C.A. § 14-55-103(1) as follows:
 It is the duty of municipal corporations to publish such bylaws and ordinances as shall be necessary to:
 (1) Secure such corporations and their inhabitants against injuries by fire, thieves, robbers, burglars, and other persons violating the public peace[.]
* * *
A.C.A. § 14-55-103(1) (1987).
Pursuant to the exercise of the police power, the right of private property may be limited, restricted, and impaired so as to promote general welfare and improve public health and public safety. 16A C.J.S.Constitutional Law § 508 (1984). As stated by the Arkansas Supreme Court:
 All property rights are held subject to the state's police power and in the exercise of the police power the state has full power to establish and enforce all regulations reasonable and necessary to secure the health, safety and general welfare of the community. [Citations omitted.]
Hogue v. The Housing Authority of North Little Rock, 201 Ark. 263, 274,144 S.W.2d 49 (1940). See also Yarbrough v. Ark. State Hwy. Comm'n,260 Ark. 161, 164, 539 S.W.2d (1976) (noting that while Ark. Const. art. 2, § 22 protects individual property rights, "the individual's use and enjoyment of property is always subject to reasonable regulations in order to preserve the welfare of the public at large.")
While the constitutional right of property is thus subject to the legitimate exercise of the police power, police power enactments must be reasonable. 16A C.J.S. Constitutional Law § 508 (1984). It has been stated in this regard that there must be "a real and substantial or rational nexus . . . between a restraint and a valid exercise of the power. . . . The legislature may not, under the guise of the police power, arbitrarily interfere with private property, or impose unusual or unnecessary regulations on it. . . . [W]here the necessity of the interference with, or the appropriation of, private property under the police power passes away, the right to interfere with or appropriate it ceases." Id.
It may be contended, applying these precepts, that there is no foundation in reason or necessity for the requirement of a key box on all businesses and industries in the city. In any constitutional challenge, the resolution of this issue will be largely a question of fact, and, as such, is outside the scope of an Attorney General's opinion.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh