# LAMAR OUTDOOR ADVERTISING, INC. *v.* ARKANSAS STATE HIGHWAY and TRANSPORTATION DEPARTMENT

CA 02-870 133 S.W.3d 412

Court of Appeals of Arkansas
Division II
Opinion delivered December 3, 2003

*George Pike* and *Clifton H. Hoofman*, for appellant.

*Robert L. Wilson*, Chief Counsel, and *Bruce P. Hurlbut*, for appellee.

JOHN F. STROUD, JR., Chief Judge. This appeal arises from the decision of the circuit court affirming an administrative decision by appellee Arkansas State Highway and Transportation Department that denied a request made by appellant Lamar Outdoor Advertising, Inc., to erect a billboard on Highway 67/167 across from McCain Mall in North Little Rock. Lamar raises two points on appeal. We affirm.[1]

Lamar applied to the Department for a permit to erect a billboard on Highway 67/167 across from McCain Mall. The Department denied the application, and Lamar requested an administrative hearing. The facts at the hearing were largely undisputed. The billboard would be located on property zoned "C3" by the City of North Little Rock as part of a zoning plan that the City

---

[1] Appellant filed a motion seeking to transfer this case and three companion cases to the supreme court under Supreme Court Rule 1-2(a), (b) on May 30, 2003, on the basis that the cases involve the construction and interpretation of the separation of powers provisions of Ark. Const. art. 4, §§ 1, 2 and Ark. Code Ann. §§ 27-74-203, 204 (1994 & Supp. 2003). The supreme court denied the motion on September 4, 2003.

considers comprehensive. The parties stipulated that the Department has not certified the City's plan as comprehensive under the Department's regulations. Under the City's zoning ordinance, billboards are not allowed in "C3" areas. On February 28, 2000, the City enacted Ordinance 7274 granting a special-use permit for Lamar to erect a billboard at the McCain location and on Interstate 40, in exchange for Lamar's removing another billboard on Highway 107/John F. Kennedy Boulevard in the City. The preamble to the ordinance states that "application was duly made by ... agent of the owner of the land ... seeking a special use of said land for the purpose of erecting a billboard." Ordinance 7274 did not change the zoning classification; the property remained zoned "C3." The special-use permit granted by Ordinance 7274 was conditioned upon Lamar's removing the other billboard from Highway 107.

At the hearing, the parties stipulated that the testimony of Mayor Patrick Hays and Robert Voyles, the City's Director of Planning, taken in another hearing for issuance of a permit for a billboard in another location, could be considered in determining whether the City's zoning action was taken primarily or solely for the purpose of erecting a billboard. Mayor Hays testified that the City's purpose in enacting the ordinance was to remove another billboard on John F. Kennedy Boulevard. Director Voyles testified that billboards are not allowed in "C3" zones, and that the City enacted the special-use permit for the purpose of erecting this billboard in an area that otherwise would not allow billboards. Voyles also testified that, if the area had been zoned "C4," Lamar would not have had to seek a special-use permit to erect a billboard.

Based on the stipulated facts set out above, the hearing officer found that the City's zoning action was solely for the purpose of allowing the erection of a billboard and therefore in violation of the federal and state regulations. The hearing officer upheld the Department's denial of the permit.

Lamar filed a petition and an amended petition for judicial review of the hearing officer's decision. The circuit court affirmed the hearing officer's decision based upon the record before the hearing officer. The circuit court also denied Lamar's request to conduct a *de novo* hearing, as provided by Ark. Code Ann. § 27-74-203(c) (Supp. 2003). This appeal followed.

Appellant raises two arguments on appeal: that the Department wrongfully applied Ark. Code Ann. § 27-74-204(a)(1) (1994) in denying its application for a permit and that the trial court erred in not conducting a *de novo* hearing under Ark. Code Ann. § 27-74-203(c).

██ Our review is directed not toward the circuit court but toward the decision of the agency. *Arkansas State Police Comm'n v. Smith*, 338 Ark. 354, 994 S.W.2d 456 (1999). That is so because administrative agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts to determine and analyze legal issues affecting their agencies. *McQuay v. Arkansas State Bd. of Architects*, 337 Ark. 339, 989 S.W.2d 499 (1999); *Social Work Licensing Bd. v. Moncebaiz*, 332 Ark. 67, 962 S.W.2d 797 (1998). Our review of administrative decisions is limited in scope. Such decisions will be upheld if they are supported by substantial evidence and are not arbitrary, capricious, or characterized by an abuse of discretion. *McQuay, supra; Wright v. Arkansas State Plant Bd.*, 311 Ark. 125, 842 S.W.2d 42 (1992).

██ For its first point, Lamar argues that the Department misapplied Ark. Code Ann. § 27-74-204(a)(1) (1994) in denying its application for a permit. Section 27-74-204 states in part:

(a) [N]othing contained in this chapter shall prohibit the erection and maintenance of outdoor advertising signs, displays, and devices consistent with customary use within six hundred sixty feet (660') of the nearest edge of the right-of-way of interstate, primary, and other state highways designated by the State Highway Commission:

(1) Within those areas which are zoned industrial or commercial under authority of the laws of this state. . . .

Section 27-74-204 is a part of the Arkansas Highway Beautification Act, codified at Ark. Code Ann. §§ 27-74-101 through 27-74-502 (1994 & Supp. 2003), which is designed to accomplish the purposes set forth in the Federal Highway Beautification Act (FHBA) and to bring the state in compliance with federal law. *Arkansas State Highway Comm'n v. Roark*, 309 Ark. 265, 828 S.W.2d 843 (1992); *Yarbrough v. Arkansas State Highway Comm'n*, 260 Ark. 161, 539 S.W.2d 419 (1976). The FHBA provides for control of the installation and maintenance of outdoor advertising signs in areas adjacent to the

interstate and primary highway systems. 23 U.S.C. § 131(a) (2000). The purposes of the FHBA are to protect the public investment in highways, to promote the safety and recreational value of public travel, and to preserve natural beauty. *Id; Files v. Arkansas State Highway & Transp. Dep't*, 325 Ark. 291, 925 S.W.2d 404 (1996).

Lamar argues that, because the City has zoned the area "commercial," it is entitled to erect a billboard without further inquiry by the Department. However, the supreme court in *Files, supra*, rejected such an absolutist approach and instead looked to the regulations, both state and federal, which were adopted to implement the Acts, in order to resolve the appeal in that case. Lamar attempts to distinguish *Files* on the basis that *Files* involved a 58.51-acre tract that was annexed and zoned as "commercial" for the purpose of erecting a billboard although the rest of the tract remained undeveloped, while the present case involves the grant of a special-use permit in a commercial area in which billboards would not otherwise be permitted. This is a distinction without a difference because, in both cases, the issue before the Department was whether the zoning action was taken in order to erect a billboard.

Federal regulations found at 23 CFR § 750.708(b) (2003) provide:

> State and local zoning actions must be taken pursuant to the State's zoning enabling statute or constitutional authority and in accordance therewith. Action which is not a part of comprehensive zoning and is created *primarily* to permit outdoor advertising structures, is not recognized as zoning for outdoor advertising control purposes.

(Emphasis added.) Similarly, the Department has issued regulations implementing the federal and state laws on outdoor advertising. Under the Department's regulations, "comprehensive zoning" means

> a zoning plan established by State or local law, regulation or ordinance, which includes regulations consistent with customary use and the provisions of the agreement controlling the erection and maintenance of signs in the zoned areas. Except that, any area determined by the Department to be included in the area of such a zoning plan *solely* for the purpose of allowing outdoor advertising does not come within this definition.

*Regulations for Issuance of Permits for Outdoor Advertising Devices and Signs*, section 1, ¶ J. (Emphasis added.) As one can see, the two regulations use different standards for determining the purpose of the zoning action. The federal regulation uses the term "primarily," while the Department's regulation uses the term "solely." Lamar seizes upon this difference in terminology to argue that the purpose of the City's granting the special-use permit was not "solely" for the purpose of erecting the billboard because it was conditioned upon the removal of a billboard at another location. However, the supreme court in *Files* construed the Department's regulations in harmony with the corresponding federal regulations so as to allow the Department to deny a permit where a zoning action was taken *primarily* for the purpose of erecting a billboard. As noted earlier, the parties stipulated that the Department has not certified the City's zoning plan as "comprehensive." The language of the ordinance granting the special-use permit provides that the purpose of the ordinance was to allow the erection of a billboard, indicating that the special-use permit was *primarily* for the purpose of erecting a billboard and bringing the case within the rule in *Files*, giving the Department discretion to deny a permit.

 Because this is an appeal from an administrative agency under the Administrative Procedures Act, we affirm if there is substantial evidence to support the department's decision. *McQuay, supra*. Director Voyles's testimony that the special-use permit with conditions was for the purpose of erecting this billboard and the language of the ordinance itself constitute substantial evidence. We therefore affirm on this point.

In its second point, Lamar argues that the trial court erred in not conducting a *de novo* hearing under Ark. Code Ann. § 27-74-203(c), which provides in part:

> Any person whose business or property has been injured by a final adverse decision from the commission shall be entitled to a judicial hearing *de novo* . . . in the Pulaski County Circuit Court if the interests affected by the decision of the commission are constitutionally or statutorily preserved, or preserved by private agreement, so that their enforcement is a matter of right.

Lamar argues that its right to erect a billboard in commercial areas was statutorily preserved by Ark. Code Ann. § 27-74-204 and, therefore,

it was entitled to a *de novo* hearing in circuit court. However, Lamar's rights are not constitutionally or statutorily preserved. First, section 27-74-203(a) provides that the erection of billboards within 660 feet of a highway shall be regulated and that no billboard shall be erected except in accordance with the Department's regulations. Second, in *Files, supra,* the supreme court rejected an absolutist approach to section 27-74-204(a)(1) and held that the Department could appropriately examine the propriety of zoning ordinances when deciding whether to issue a permit for a billboard.

■ As the *Files* court stated:

> Some deference must be given to the Department's interpretation of state and federal regulations in this area. The Department's interpretation of its authority enables it to review limited commercial zoning decisions relating to outdoor advertising to determine validity. This fosters the purposes of the Highway Beautification Act and assures compliance with federal law. The General Assembly certainly contemplated that the Department would regulate outdoor advertising in accordance with state and federal law.

*Id.* at 298, 925 S.W.2d at 409. This deference means that Lamar's efforts to obtain a permit hinges on executive or legislative discretion. As such, *de novo* review under section 27-74-203(c) was not appropriate because of the separation-of-powers doctrine. *Tomerlin v. Nickolich*, 342 Ark. 325, 27 S.W.3d 746 (2000); *Goodall v. Williams*, 271 Ark. 354, 609 S.W.2d 25 (1980). Lamar makes much of the fact that section 27-74-203(c) was enacted in response to the *Tomerlin* decision. However, that section repeated the holding of *Tomerlin* but did not remove the Department's discretion to review zoning decisions when considering applications for permits for billboards.

Affirmed.

GLADWIN and CRABTREE, JJ., agree.