The Honorable Johnny Key State Representative 1030 Highway 62 E Mountain Home, AR 72653-3216
Dear Representative Key:
I am writing in response to your request for an opinion on the following:
 [Question One:] Under Act 2147 of 2005 and other applicable statutes, who has the authority to determine if a junkyard is "visible" from the main-traveled way of any interstate or primary state highway for the purposes of filing an application for relief with the circuit court? [Question Two:] Can the county judge make this determination in unincorporated areas of the county?
 [Question Three:] In addition, if the junkyard is outside the incorporated limits of a city, but within the planning jurisdiction of that city, can the mayor determine if the junkyard is "visible" and apply for relief with the circuit court?
RESPONSE
With respect to your first question, Act 2147 of 2005, amending A.C.A. §§ 27-74-401 through -409, authorizes a city or county to petition a circuit court for relief. In my opinion, this contemplates executive action to be taken by the mayor or county judge depending on the location of the occurrence. In my opinion, therefore, the answer to your second question is "yes," a county judge may determine whether to file an application for relief with the appropriate circuit court for junkyards in the unincorporated areas of the county. The circuit court, and not the county judge, must ultimately make the required factual determination as to whether the law has been violated. With respect to your third question, it is unclear whether the mayor's authority to enforce planning ordinances in the extra-territorial planning jurisdiction of the city would override or coexist with the county judge's authority in the unincorporated area. Legislative clarification is warranted. As noted in response to your second question, the factually specific determination of whether the junkyard or automobile graveyard is in violation of the law will ultimately be the province of the trial court.
Question One: Under Act 2147 of 2005 and other applicablestatutes, who has the authority to determine if a junkyard is"visible" from the main-traveled way of any interstate or primarystate highway for the purposes of filing an application forrelief with the circuit court?
Act 2147 of 2005 amended the Arkansas Highway Beautification Act, A.C.A. §§ 27-74-401 through -502 (Repl. 1994 Supp. 2005). The Arkansas Supreme Court has described the act as "provid[ing] that junkyards within a thousand feet of interstate, primary and designated highways be screened from the view of the traveling public unless they are in an area zoned for industrial use."Arkansas State Hwy. Comm'n v. Roark, 309 Ark. 265,828 S.W.2d 843 (1992). Unless a junkyard or automobile graveyard is located in an area zoned for industrial purposes at the time of the effective date of the act, each junkyard or automobile graveyard located within one thousand feet of the "nearest edge of the right-of-way of any interstate, primary, or other state highway" designated by the State Highway Commission must be "screened by natural objects, plantings, fences, or other appropriate means so as not to be visible from the main-traveled way of the highway."See Ark. State H'wy Comm'n v. Roark, 309 Ark. 265,828 S.W.2d 843 (1992); see also A.C.A. §§ 27-74-405 and -406 (Repl. 1994). Act 2147 of 2005 amended the Highway Beautification Act to allow "a city or a county" to petition a circuit court with jurisdiction over the area in which a junkyard lies for relief from violations of this act. The act authorizes the entry of injunctions or restraining orders requiring screening from public view. A.C.A. §§ 27-74-404 -407 (as amended by Act 2147 of 2005).
The Act itself merely specifies that "a city or county" may make an application to the circuit court for relief. A.C.A. §§27-74-404 -407 (as amended). The authority to petition a circuit court for relief from a violation of state law appears to be an executive, rather than legislative or judicial, function. Executive authority has been described as the authority to supervise, manage, control, and execute the laws. Op. Att'y Gen.2004-302 (citing Chaffin v. Arkansas Game Fish Comm'n,296 Ark. 431, 757 S.W.2d 950 (1988)). Pursuing enforcement of a properly enacted law would seem to be within the "execution" or "management" of the law and, hence, the duty of the executive branch of government.
The executive authority of the county is vested in the county judge as an executive officer. Ark. Const., amend. 55 § 3. Generally speaking, a city's executive authority is vested in a mayor under a mayor-council form of government. See A.C.A. §14-43-504(a) (Repl. 1998). With respect to a city manager form of municipal government, the executive authority of the city is vested in the board of directors, A.C.A. § 14-47-109(a)(2) (Repl. 1998), but the board may delegate supervision and control of administrative departments, agencies, offices, and employees to the city manager, A.C.A. § 14-47-120(1) (Supp. 2005). With respect to the city administrator form of municipal government, the executive authority is vested in the board of directors subject to certain limitations on the mayor's authority. A.C.A. §14-48-110(a)(2) (Repl. 1998). The board of directors in a city administrator form of government may delegate authority similar to that in a city manager form to government to the city administrator. A.C.A. § 14-48-117(1) (Supp. 2005). For the sake of clarity, I will refer to the executive branch of a municipality as the "mayor" for this opinion, though the term should be read to include the properly vested executive authority of the city under the appropriate form of municipal governance. In my opinion, because the statute contemplates executive action, the mayor or county judge, as the case may be, has authority to file an application for relief under A.C.A. §§ 27-74-404 -407.
One other possible uncertainty arises from A.C.A. §§ 27-74-404 
-407. The act itself does not specify whether a city or county could make an application to a circuit court without regard to the location of the junkyard or automobile graveyard. In my opinion, the language of A.C.A. §§ 27-74-404 -407 may be interpreted as specifying that the city and county may apply for relief from the circuit court only for junkyards located within their respective jurisdictions. Generally speaking, a county has authority over the unincorporated areas of the county not subject to municipal control, A.C.A. § 14-14-805(12) (Repl. 1998), and the city has authority over the area within its incorporated limits, see, e.g., City of Argenta v. Keath, 130 Ark. 334,197 S.W. 686 (1917).
In any event, if a city or county petitions a circuit court under the provisions of A.C.A. § 27-74-404 or A.C.A. § 27-74-407, the circuit court will make the factually specific determination of whether a particular junkyard or other area is in violation of the law. Thus, although the appropriate county judge or mayor may initially make such determination for the purposes of filing the petition, ultimate conclusions in this regard will be for the court.
Question Two: Can the county judge make this determination inunincorporated areas of the county?
As discussed above, the decision to enforce these provisions would properly be an executive function and the county judge, as the executive officer of the county, would properly be charged with petitioning a court for relief regarding junkyards in the unincorporated areas of the county under his or her jurisdiction.
Question Three: If the junkyard is outside the incorporatedlimits of a city, but within the planning jurisdiction of thatcity, can the mayor determine if the junkyard is "visible" andapply for relief with the circuit court?
With respect to your third question, I am unable to determine the result a court would likely reach. Legislative or judicial clarification is warranted.
The "planning jurisdiction" you reference is the exclusive jurisdiction of a city for the purposes of municipal planning in the contiguous five-mile area surrounding its corporate limits.See A.C.A. § 14-56-413; see also generally Op. Att'y Gen.2006-050. As noted above, the statute at issue merely states that "a city or a county" may petition a circuit court for relief. There are no court cases interpreting this new language, and I am unable to determine how a court would likely rule on this issue.
There are three possible interpretations. The mayor of a city could have the primary responsibility in the contiguous planning area to the extent that the city has exercised its planning authority. The county judge could have the primary authority to enforce this act because the land remains in the unincorporated area of the county. The mayor and the county judge could both have concurrent authority in this area. In my opinion, legislative or judicial clarification is warranted.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh