27630.   NATIONAL ADVERTISING COMPANY v.
STATE HIGHWAY DEPARTMENT.

ARGUED DECEMBER 12, 1972—DECIDED FEBRUARY 8, 1973.

*Reinhardt, Whitley & Sims, John S. Sims, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Roland F. Matson, Assistant Attorneys General, John R. Strother, Jr., Deputy Assistant Attorney General,* for appellee.

JORDAN, Justice. This appeal is limited to an attack on the constitutionality of the 1971 law as a whole, and in particular §§ 3 and 18. The case is argued here by the appellant solely on this basis in support of two enumerated errors, (1) that the trial judge erred in overruling a motion to dismiss the complaint, and (2) that the trial judge erred in granting the injunctive relief sought.

On November 23, 1966, this court declared the Georgia Outdoor Advertising Control Act of 1964 unconstitutional because it failed to require payment for the taking of private property for public purposes. *State Highway Dept. v. Branch,* 222 Ga. 770 (152 SE2d 372). At the General Election in November, 1966, the voters ratified an amendment to the Georgia Constitution intended to enable the state by appropriate legislation to comply with and obtain the benefits of Public Law 89-285, 79 Stat. 1028. This amendment included provisions authorizing the General Assembly to zone property within 1000 feet of the nearest edge of the right-of-way line of any state-aid road which is also a part of the Federal Interstate System or Primary System, for

commercial or industrial purposes, including in respect thereto, the location of advertising devices; and to provide rules and regulations governing advertising; all in conformance to and in compliance with the provisions of Public Law 89-285. Art. I, Sec. II, Par. 1(A), Constitution of Georgia (Code Ann. § 2-201 (A)).[1] This was followed by enabling legislation in 1967, Ga. L. 1967, pp. 423 et seq., which the General Assembly repealed in its entirety by the Georgia Outdoor Advertising Control Act of 1971, Ga. L. 1971, Ex. Sess., p. 5 et seq., approved and effective on October 6, 1971, now unofficially codified as Chapter 95-20A, Georgia Code Annotated.

Section 3 of the 1971 law, Code Ann. § 95-2003a, provides that no outdoor advertising shall be erected or maintained within 660 feet of the nearest edge of the right-of-way and visible from the main traveled way of the interstate or primary highways in this state except certain directional signs; signs advertising the sale or lease of the property upon which they are located; signs advertising activities conducted or maintained on the property upon which they are located; signs located in areas zoned commercial or industrial which provide information in the specific interest of the traveling public; and signs located in unzoned commercial or industrial areas which provide information in the specific interest of the traveling public.

Section 18 of the 1971 law, Code Ann. § 95-2016a, provides: "The maintenance by any person, firm, or corporation, of any sign not authorized by this Chapter and which is not lawfully in existence on the effective

---

[1]This is now superseded by the amendment ratified at the General Election in November 1972 containing the same authority. Art. V, Sec. XI, Par. II, Constitution of Georgia, as amended; Code Ann. § 2-3507; Ga. L. 1972, pp. 1537, 1542.

date of this Chapter is hereby declared to be a public nuisance," and authorizes the State Highway Department to bring an equitable proceeding to enjoin any person, firm, or corporation from maintaining any sign in violation of the section.

The appellant purports to invoke here, as in the trial court, the provision of the Fifth Amendment of the United States Constitution prohibiting the taking of private property for public use without just compensation; the provision of the Fourteenth Amendment prohibiting any state from depriving any person of property without due process of law or denying anyone within its jurisdiction equal protection of laws; the provision of Art. I, Sec. III, Par. I of the Georgia Constitution prohibiting the taking or damaging of private property for public purposes without just and adequate compensation being first paid; the provision of Art. I, Sec. I, Par. III, prohibiting the state from depriving any person of property except by due process of law; and the provision of Art. I, Sec. I, Par. II, providing for impartial and complete protection of property.

In our opinion the arguments here made, as applied to the facts of the present case, are without merit. As we view the present case, what is really involved is nothing more than the exercise of specific police powers as clearly authorized by the 1966 amendment to the Constitution of Georgia, Art. I, Sec. II, Par. I (A) (Code Ann. § 2-201 (A)), and implemented by the General Assembly in 1971, not with respect to the exercise of eminent domain and payment of just and adequate compensation before taking private property for public purposes, but with respect only to the exercise of zoning powers, to prevent in the future, i. e., on and after October 6, 1971, the erection and maintenance of certain advertising devices within a certain distance of the right-of-way of certain highways in certain areas. The police power of the state to zone property to prevent its use for certain purposes in

the future, as distinguished from the taking or damaging in respect to a use already in existence, is not open to question, and does not require the payment of any compensation. As here applied, there is no basis to support a denial of due process or equal protection of the laws.

We therefore hold that §§ 3 and 18 of the 1971 law are not unconstitutional nor are they being applied here in an unconstitutional manner. It is unnecessary to consider the constitutionality of the 1971 law as a whole, although we note that the law specifically includes a severability clause.

*Judgment affirmed. All the Justices concur.*