LEE, Justice, for the Court:
Joe K. Robbins, Jr. applied to the Mississippi State Highway Commission for a permit to erect an outdoor advertising sign, which application was denied. Thereafter, Robbins filed a bill of complaint in the Chancery Court of Union County seeking a mandatory injunction requiring the Mississippi State Highway Commission to grant the permit. The chancellor entered a final decree denying the injunction and dismissing the bill of complaint and Robbins has appealed here.
In 1965, the United States Congress enacted the Highway Beautification Act of 1965, being 23 U.S.C. § 131. The act set forth certain minimum standards for the control of outdoor advertising adjacent to highways on the interstate system and the Federal Aid Primary System, and administrative control thereof was placed in the United States Secretary of Commerce (now U. S. Secretary of the Department of Transportation). To enlist the aid of the several states to enforce at least the minimum national standards contained in the act, the Federal statute provided that the secretary has the authority, from and after January 1, 1968, to reduce by ten percent (10%) any federal aid highway funds, which otherwise would have been apportioned, to a state that has not entered into an agreement with the Secretary for enforcing the minimum national standards. The constitutionality of the act was upheld in State of South Dakota v. Volpe, 353 F.Supp. 335 (D.C.S.D.1973) and State of Vermont v. Brinegar, 379 F.Supp. 606 (D.C.Vt.1974).
The Mississippi Legislature enacted, effective June 15, 1966, the Mississippi Outdoor Advertising Act, which now appears as Mississippi Code Annotated Sections 49-23-1 through 49-23-29 (1972) and which places administrative control of advertising adjacent to highways on the interstate system and the Federal Aid Primary System in the Mississippi State Highway Commission. The constitutionality of that act has been upheld in Mississippi State Highway Commission v. Roberts Enterprises, Inc., 304 So.2d 637 (Miss.1974), although the precise question involved here was not before the Court in that case.
On November 30, 1977, appellant filed an application for issuance of a permit for the erection of an outdoor advertising sign on his property at a site location on the north side of U. S. Highway 78 Bypass outside the municipal limits of New Albany in Union County, Mississippi. The proposed site location was adjacent to or within five hundred (500) feet of an interchange on a freeway on the Federal Aid Primary System. The application for permit was filed in compliance with the statutes, rules and regulations pertaining to the control of outdoor advertising devices proposed to be located adjacent to highway right-of-way on the interstate system, the sign was sought to be located in an unzoned commercial or industrial area, was outside municipal limits, and the application and sign met all legal requirements for approval and issuance of the permit, excepting only the requirements for location. On December 19, 1977, appellee denied appellant’s application for permit for the reason assigned that the proposed location of the sign did not meet the necessary legal requirements.
The basic question in this suit is whether Regulation H(3)(a) of the Mississippi State Highway Commission is more restrictive than is permitted by Mississippi Code Annotated Section 49-23-7 (1972).
The Mississippi legislature set forth in Mississippi Code Annotated Section 49-23-1 (1972) that it is the intention of the legislature in the Outdoor Advertising Act (Sections 49-23-1 through 49-23-29) to provide a statutory basis for regulation of outdoor advertising consistent with the public policy declared by Congress in areas adjacent to *767 the interstate and primary highway systems.
Mississippi Code Annotated Section 49-23-7 (1972) provides the following:
“The state highway commission is hereby authorized to promulgate regulations governing the issuance of permits for the erection and maintenance of outdoor advertising coming within the exceptions contained in subsections (a), (d) and (e) of section 49-23-5, consistent with the safety and welfare of the traveling public, and as may be necessary to carry out the policy of the state declared in section 49-23-1, and consistent with the national standards promulgated by the secretary of commerce pursuant to Title 23, United States Code, provided that such regulations shall not contain any definition more restrictive than those set forth in section 49-23-3; nor shall they be more restrictive than the provisions set forth in section 49-23-9.”
The reference to Subsections (a), (d) and (e) of Section 49-23-5 deals with limitations of outdoor advertising devices and excepts from its restrictions signs, displays and devices located in unzoned commercial or industrial areas as defined in that section.
Mississippi Code Annotated Section 49-23-27 authorizes the Mississippi State Highway Commission to enter into agreements with the United States as follows:
“The state highway commission is hereby authorized to enter into agreements with the United States Secretary of Commerce as provided by Title 23, United States Code, relating to the control of outdoor advertising in areas adjacent to the interstate and primary highway systems, including the establishment of information centers at safety rest areas, and to take action in the name of the state to comply with the terms of such agreement, provided that the state highway commission shall not have power to enter into any agreement calling for more restrictive control of outdoor advertising than that provided for in sections 49-23-1 to 49-23-29.”
Acting pursuant to Sections 49-23-1 and 49-23-27, the Mississippi State Highway Commission entered into the following agreement with the United States:
“a. No structure may be located adjacent to or within Five Hundred (500) feet of an interchange, intersection at grade, or safety rest area, on any Interstate Highway, Freeway, or Primary Highway on. the Federal Aid Primary System. Said Five Hundred (500) feet to be measured along the Interstate or Freeway from the beginning or ending of pavement widening at the exit from or entrance to the main-traveled way.”
The Mississippi State Highway Commission then adopted Section H(3)(a) of the regulations known as SOP No. MND-09— 01-00-000 for the purpose of carrying out the state and national policies pertaining to the control of outdoor advertising in the areas mentioned hereinabove. The section follows:
“H. STANDARDS FOR PERMITS
The following standards or requirements apply to all permits issued for erection of off-premise advertising signs as described in Subsections 3d(2), 3d(3) and 3d(4) of Section G above. ***** &
3. General Location : Permits may be issued for signs to be located within zoned commercial and industrial areas hereinbefore defined subject to the following:
a. On Interstate Highways, Freeways, or Primary Highway on the Federal Aid Primary System signs shall not be located adjacent to or within five hundred (500) feet of an interchange, or safety rest area. Said five hundred feet to be measured along the Interstate or Freeway or Primary Highway from the beginning or ending of pavement widening at the exit from or entrance to the main traveled way. . . . ”
Appellant simply contends that the regulation adopted by the Mississippi State Highway Commission is more restrictive than the statutes and particularly Section *768 49-23-9. However, that section covers four limited areas: (1) maximum size of any outdoor signs, (2) all illuminated outdoor signs, (3) spacing of signs that are within one-half (Va) mile of certain areas, and (4) spacing limitations in other specified areas. We do not think that Section 49-23-9 operates to prevent appellee from promulgating the regulation in question which does not actually involve any area mentioned in such section.
We hold that the Regulation H(3)(a) adopted by the Mississippi State Highway Commission was authorized by statute and is not more restrictive than the statutes. Although Section 49-23-23 provides “Nothing in sections 49-23-1 to 49-23-9, shall be construed to abrogate or affect the provisions of any lawful ordinance, regulation or resolution, which are more restrictive than the provisions of such section.”, it is not necessary for us to discuss the applicability of said section to the present case in view of our holding above.
The judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.