S92A1358. PATRICK v. HEAD et al.
S92X1359. BUTTS COUNTY et al. v. PATRICK.

(424 SE2d 615)

CLARKE, Chief Justice.

In 1988, Patrick applied to the Butts County Commission for a permit to erect an outdoor advertising sign on property he owns along Interstate 75. The Commission approved the permit and rezoned Patrick's property to permit construction of the sign. Patrick then leased the property to Adams Outdoor Advertising which applied to the DOT for a permit to construct the sign under the Outdoor Advertising Act, OCGA § 32-6-70 et seq. The DOT denied Adams' application for a permit on the grounds that it did not comply with the 1984 Butts County Interstate Sign Ordinance, and that the rezoning of Patrick's property had not been approved by the DOT.

Two years later Patrick filed this action for declaratory judgment seeking a determination that OCGA § 32-6-70 et seq., is unconstitutional, and also seeking a determination that the 1988 Butts County ordinance which rezoned his property supersedes the 1984 Butts County Interstate Sign Ordinance.

Patrick appeals from the trial court's holding that OCGA § 32-6-70 is constitutional. Butts County appeals the trial court's holding that the 1988 ordinance controls the 1984 ordinance.

*Case No. S92A1358*

1. Patrick argues that because the 1983 Georgia Constitution failed to invest zoning power in the General Assembly, OCGA § 32-6-70, which purports to grant zoning power to the DOT, no longer has a constitutional basis. As such the Outdoor Advertising Act conflicts with Art. IX, Sec. II, Par. IV of the 1983 Georgia Constitution which gives zoning power to counties and municipalities.

A 1966 amendment to the 1945 Georgia Constitution authorized the General Assembly to zone property with respect to the location and construction of advertising signs, and to enact legislation to comply with this constitutional provision. 1945 Georgia Constitution, Art. V, Sec. XI, Par. II. Subsequently, the General Assembly enacted the Outdoor Advertising Act, OCGA § 32-6-70. The Georgia Constitution of 1976 carried forward the aforementioned power of the General Assembly to zone. Art. IV, Sec. VIII, Par. II. Patrick argues, however, that the 1983 Constitution did not carry forward this power to zone, leaving that power exclusively in the counties and municipalities. This argument overlooks Art. III, Sec. VI, Par. II (a) (6) of the 1983 Constitution which gives the General Assembly the power to regulate and control outdoor advertising devices. Further, subsection (b) of this constitutional provision gives the General Assembly the power to

implement the provisions of . . . Article IV, Section VIII, Paragraph II . . . of the Constitution of 1976 in force and effect on June 30, 1983; and all laws heretofore adopted thereunder and valid at the time of their enactment shall continue in force and effect until modified or repealed.

Thus, this provision carries forward from the 1976 Constitution to the 1983 Constitution the authority for OCGA § 32-6-70 et seq.

Patrick's due process challenge to the Outdoor Advertising Act was decided adversely to him in *Nat. Advertising Co. v. State Highway Dept.*, 230 Ga. 119 (195 SE2d 895) (1973).

### Case No. S92X1359

2. Butts County and the DOT argue that the trial court erred in denying the motion to dismiss Patrick's complaint, made on the ground that he failed to exhaust his administrative remedies following the DOT's denial of the application for a sign permit. However, the record shows that Adams Outdoor Advertising applied for the sign permit; therefore the trial court did not err in denying the motion to dismiss.

3. The trial court found that the 1988 Zoning Resolution rezoning Patrick's property supersedes any contrary provisions in the 1984 Interstate Sign Ordinance. We agree. Where there is a conflict between legislative acts, the later in time will control as it is presumed to be the last expression of legislative will. *Tyler v. Huiet*, 199 Ga. 845, 850 (36 SE2d 358) (1945).

4. We find the remaining allegations of error with regard to the denial of Butts County's motion to dismiss to be without merit.

*Judgment affirmed in Case Nos. S92A1358 and S92X1359. Hunt, P. J., Benham, Fletcher, Sears-Collins, JJ., and Judge Harris Hines concur; Hunstein, J., not participating.*

DECIDED JANUARY 7, 1993.

*Crumbley & Crumbley, Alex Crumbley, Mallernee & Sturgeon, Charles L. Weltner, Jr.,* for appellant.

*Paul E. Hemmann,* for appellees.

*Michael J. Bowers, Attorney General, George P. Shingler, Senior Assistant Attorney General, C. Latain Kell, Assistant Attorney General,* amicus curiae.