A02A0627. M. WAYNE ROBINSON BUILDER-DEVELOPER, INC. et al. v. CITY OF ROME.
(564 SE2d 526)

JOHNSON, Presiding Judge.

This case concerns a challenge to the validity of Rome's Historic Preservation Zoning Ordinance and the amendment to that ordinance which added the street upon which the appellants own property.[1] Because we find that the trial court properly granted the City of Rome's motion for summary judgment and properly issued a permanent injunction preventing the demolition of the homes without a Certificate of Appropriateness, we affirm the trial court's order.

The City of Rome first adopted its Historic District Zoning Ordinance on June 4, 1979. Rome, therefore, is exempted from complying with the state Historic Preservation Act,[2] the statute establishing state-wide procedures and criteria for local governments to follow in enacting and administering such ordinances.[3] Following a public

---

[15] See *Flowers v. State*, 159 Ga. App. 516, 517 (284 SE2d 32) (1981).
[1] The appellants are the owners and demolition contractors of three houses along Avenue A in Rome.
[2] OCGA § 44-10-20.
[3] OCGA § 44-10-23 (exempting cities and counties that had adopted such ordinances prior to March 31, 1980).

hearing on May 20, 1996, the Rome City Commission unanimously voted to adopt a revised Historic District Zoning Ordinance. This revised ordinance was entitled the Historic Preservation Zoning Ordinance, and it adopted many of the same provisions as the state Historic Preservation Act.

Two months later, on July 22, 1996, the appellants purchased three homes on Avenue A in Rome. On February 27, 1998, the Rome Historic Preservation Commission mailed notices to property owners and occupants on a portion of Avenue A, including the appellants' property, indicating that the area was proposed to be designated as an historic district. The notice stated that

> The Historic Preservation Commission will meet to discuss and make recommendations on this request on Wednesday, March 18, 1998 at 12:30 PM, in the Sam King Room, 601 Broad Street, Rome, Georgia. This meeting is open for public input. The City Commissioners of Rome will conduct a Public Hearing on Monday, April 20, 1998, at 8:00 PM in the City Commission Meeting Room, Top Floor, 601 Broad Street, Rome, Georgia, to act on the recommendations of the Planning Commission. These meetings are open to the public and all documents are available for public review.

Since the May 20, 1996 Historic Preservation Zoning Ordinance did not provide for the Planning Commission to review and make recommendations on these matters, there was no such review by the Planning Commission. Instead, the review was done by the Historic Preservation Commission.

On March 4, 5, and 6, 1998, a notice was published in the local newspaper containing the required information as to both the March 18, 1998 hearing before the Historic Preservation Commission and the April 20, 1998 hearing before the Rome City Commission. On March 18, 1998, the Historic Preservation Commission conducted a public hearing on the proposed designation and made its review and recommendation to the Rome City Commission. The Rome City Commission, during its regular meeting on April 6, 1998, did a first reading of the proposed amendment designating the Avenue A area as an historic district.

On April 15, 1998, the appellants obtained permits to demolish their three houses to build offices. Five days later, on April 20, 1998, the Rome City Commission conducted a public hearing during its regularly scheduled meeting and adopted the Historic Preservation Zoning Ordinance amendment designating the Avenue A property as an historic district.

In a letter dated November 10, 1998, the City explained that the

demolition permits had expired because the work was not commenced within six months of the date of issuance and informed the appellants that a Certificate of Appropriateness would be required under the Historic Preservation Zoning Ordinance before demolition could take place. Section 23-253 of the Rome City Code provided for an appeal of this decision, but no such appeal was filed by the appellants. Subsequently, the appellants applied for Certificates of Appropriateness, but their applications were denied. Section 23-181 (p) of the Historic Preservation Zoning Ordinance provided for an appeal of this decision, but, once again, no such appeal was filed by the appellants.

On September 18, 2000, the appellants demolished one house. The City issued a citation for that demolition and filed this lawsuit seeking a permanent injunction against further demolition. Cross-motions for summary judgment were filed. The trial court granted the City's motion for summary judgment and issued a permanent injunction preventing the demolition of the homes without a Certificate of Appropriateness. The appellants then filed this appeal.

1. On appeal, the appellants contend that the 1996 amendment to the Historic Preservation Zoning Ordinance and the later amendment adding Avenue A are both void for failure to follow the amendment procedures detailed in Rome's general zoning ordinance.[4] Specifically, they contend neither amendment was reviewed by the Planning Commission, as is required in the general zoning ordinance of the city.

It is undisputed that Rome's Historic District Zoning Ordinance, adopted on June 4, 1979, contained no procedures to follow regarding the adoption of amendments. Rome's general zoning ordinance, Code Section 23-276, provides that amendments to an ordinance shall not become effective unless they "shall have been proposed by or shall first have been submitted to the planning commission for review and recommendation." Because Section 23-276 refers to amendments to "[t]his chapter," and because the chapter included the 1979 Historic District Zoning Ordinance, the appellants contend that the failure of the Planning Commission to review and recommend amendments to the Historic District Zoning Ordinance invalidates both the 1996 amendment and the amendment adding Avenue A as an historic district. We disagree.

Following a public hearing on May 20, 1996, the Rome City Commission unanimously voted to adopt a revised Historic District Zoning Ordinance. This revised ordinance was entitled the Historic Preservation Zoning Ordinance, and it adopted many of the same

---

[4] Code Section 23-276.

provisions as the recently enacted state Historic Preservation Act. While Rome's Planning Commission did not review or recommend this revision, the trial court found that the 1996 Historic Preservation Zoning Ordinance supersedes any contrary provisions in the general zoning provisions. We agree. "Where there is a conflict between legislative acts, the later in time will control as it is presumed to be the last expression of legislative will."[5] In addition, OCGA § 36-30-3 (a) provides that "[o]ne council may not, by an ordinance, bind itself or its successors so as to prevent free legislation in matters of municipal government." The Rome City Commission acted within its authority to adopt the 1996 Historic Preservation Zoning Ordinance, revising the 1979 Historic District Zoning Ordinance, without a review or recommendation by the Planning Commission.

As for the Avenue A amendment, the City was not required to have the Planning Commission review or recommend this amendment. The 1996 Historic Preservation Zoning Ordinance contains its own procedures for amending the ordinance and for designating an historic district. Code Section 23-179 (a) created the Historic Preservation Review Board as "a part of the planning and development functions of the City of Rome." Powers given to that Board include the "power to propose historic districts . . . to the City Commission for designation."[6] The 1996 Historic Preservation Zoning Ordinance does not refer to a Planning Commission, just as the general zoning ordinance does not refer to the Historic Preservation Review Board. Moreover, the 1996 Historic Preservation Zoning Ordinance provides in Section 23-185, "All ordinances or parts of ordinances in conflict with this Ordinance are hereby repealed."

2. The appellants next argue that even if the 1996 Historic Preservation Zoning Ordinance is valid, the Avenue A amendment is void because the City failed to comply with the notice provisions with regard to the April 20, 1998 hearing before the Rome City Commission. We find no error.

The Historic Preservation Zoning Ordinance provides the following regarding notice and hearing:

> The Review Board and the City of Rome shall hold a public hearing on any proposed ordinance amendment for the designation of any historic district as a Local Historic District. . . . Notice of the hearing shall be published in at least three consecutive issues of the principal local newspaper and written notice of the hearing shall be mailed by the Board to all owners and occupants of the proposed Local

---

[5] (Citation omitted.) *Patrick v. Head*, 262 Ga. 654, 655 (3) (424 SE2d 615) (1993).
[6] Code Sections 23-179 (c) (2); 23-180 (a) (2).

> Historic Property or the individual properties located within the proposed Local Historic District. All such notices shall be published or mailed not less than ten nor more than twenty days prior to the date set for the public hearing.[7]

The record shows that notices were mailed on February 27, 1998, 19 days prior to the March 18, 1998 hearing before the Rome Historic Preservation Commission. The notice was published in the local newspaper on March 4, 5, and 6, 1998, within twenty days and more than ten days prior to the March 18, 1998 hearing. Therefore, the City complied with the notice requirements contained in the 1996 Historic Preservation Zoning Ordinance regarding the March 18, 1998 public hearing before the Historic Preservation Commission.

As for the April 20, 1998 hearing before the City Commission, both the mailed and published notices provided the date, time, and place of the subsequent hearing before the Rome City Commission. While the notice of this hearing would not strictly meet the requirements of the ordinance, the appellants received adequate notice of the initial public hearing before the Historic Preservation Commission.

3. The appellants further assert that the Avenue A amendment is void because the amendment fails to specifically designate the property to be added to the historic district by giving the names of the property owners. Code Section 23-180 (d) (2) lists required components of an ordinance amendment for designation. Under this section, the ordinance amendment shall "[s]et forth the name(s) of the owner(s) of the individual properties within the proposed Local Historic District or of the proposed Local Historic Property." The record shows that the Historic Preservation Commission had a list of the names of the property owners of Avenue A and a copy of the tax assessors' map showing tax parcel numbers from which those names could be derived from public records. Based on this information, the Historic Preservation Commission mailed a notice of the proposed action and hearings thereon to the property owners, including the appellants. However, a list of those names was not included in the ordinance as finally adopted by the Rome City Commission on April 20, 1998. Contrary to the appellants' claims, we find this oversight immaterial.

The clear purpose of the code section is to assure notice to property owners. Here, it is undisputed that the appellants received notice of the hearings held on the historic district designation. And, clearly, the appellants have not been harmed by the failure to include

---

[7] Code Section 23-180 (d) (3).

their names in the amendment. As the Supreme Court has previously held, "a statutory provision is generally regarded as directory where a failure of performance will result in no injury or prejudice to the substantial rights of interested persons, and as mandatory where such injury or prejudice will result."[8] In the present case, no substantial rights depend on the amendment listing the property owners' names, no injury can result from ignoring this directive, and the purpose of the Historic Preservation Zoning Ordinance can be accomplished in a manner other than that prescribed, with the same results. Thus, the requirement that property owners' names be listed in the amendment is merely directory and is not a flaw sufficient to invalidate the ordinance.[9] Based on our holdings in Divisions 1-3, the trial court correctly granted summary judgment to the City of Rome. Therefore, the appellants' claim that they are not barred by laches, waiver, or any similar doctrine is hereby deemed moot.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED APRIL 17, 2002 — ▮▮▮▮▮▮▮▮▮▮

*Jenkins & Nelson, Frank E. Jenkins III, Peter R. Olson, William F. Sparks*, for appellants.

*David G. Archer*, for appellee.

---

[8] (Citation and punctuation omitted.) *Barton v. Atkinson*, 228 Ga. 733, 739 (1) (187 SE2d 835) (1972).

