JOHNSON v. STATE.

Opinion delivered March 8, 1920.

1. LARCENY—CORPUS DELICTI—SUFFICIENCY OF EVIDENCE.—In a prosecution for the larceny of a yearling animal which it was asserted that defendant killed and transported to his shop, evidence *held* sufficient to sustain a finding that a carcass found in defendant's shop was that of a yearling belonging to the prosecuting witness.

2.  CRIMINAL LAW—FELONIOUS INTENT.—In a prosecution for larceny
    of a yearling where the defense was that accused bought the
    animal from another, an instruction purporting to cover all ele-
    ments of the case was erroneous in omitting the element of
    criminal or felonious intent.

Appeal from Prairie Circuit Court, Southern District; *George W. Clark*, Judge; reversed.

*Cooper Thweatt*, for appellant.

1.  The verdict is against the law and the evidence, as the beef was not identified as the one lost or stolen. 25 Cyc. 123; 8 Enc. of Ev., p. 136; 171 S. W. 89.

2.  The court erred in its instruction to the jury. It was inherently erroneous and highly prejudicial. 110 Ark. 117; 101 *Id.* 586.

3.  The court erred in its instruction as to larceny. It assumes that there was evidence before the jury tending to prove material facts. Hughes, Inst. to Juries, p. 175.

*John D. Arbuckle*, Attorney General, and *Robert C. Knox*, Assistant, for appellee.

1.  The brief of appellant shows that the motion for new trial was filed too late—more than thirty days after judgment. Kirby's Digest, § 2421; 94 Ark. 240. The appeal was granted in vacation. 94 Ark. 240. The bill of exceptions was not filed in time.

2.  The evidence is sufficient to sustain the conviction.

3.  There is no reversible error in the instructions. 114 Ark. 398.

HUMPHREYS, J.  Appellant was indicted, tried and convicted in the Prairie Circuit Court, Southern District, for the crime of larceny, and his punishment fixed at one year in the penitentiary. An appeal from that judgment has been properly prosecuted to this court.

The facts not in dispute disclose that appellant was engaged in the butcher business in September, 1917, at the town of Biscoe. Frank Gill, the prosecuting witness,

lived out from Biscoe, about three-quarters of a mile from the bridge across Jackson's Bayou. He owned a two-year-old white and red spotted heifer, marked with "clip off right and under-bit under left ear." The yearling had always ranged on both sides of the bayou and came up every evening until a certain Friday evening in September, 1917. Gill made a search Saturday following but failed to find it. He found where an animal had been butchered about 75 yards south of the bayou, and, on Monday morning following, found blood on the banister and floor on the east side of the bridge spanning the bayou. The heifer had been raised in that range and was never seen after that time. On the evening the yearling failed to come up, appellant and Louis Davie killed and dressed a yearling at the place where Gill, the prosecuting witness, had found evidences of an animal being butchered. The animal butchered at that place was hauled to the butcher shop of appellant that night.

The other facts disclosed by the record are in sharp conflict. The evidence on the part of the State tended to show that appellant employed Louis Davie to assist him early in the evening in killing a yearling at the place in question; that appellant placed it, after night, in one-horse wagon and hauled it to his butcher shop at Biscoe, reaching there about midnight; that, en route, while on the bridge crossing the bayou, appellant threw the head of the yearling into very deep water.

The evidence on the part of appellant tended to show that he went to the bayou to fish, and, while there, bought the yearling from Louis Davie for $25, and paid him $1.25 for helping him dress it; that, at Davie's request, he gave him the head and does not know what disposition was made of it; that he left the bayou early in the evening and reached Biscoe about eight or eight-thirty p. m.; that he fed his mules and went to bed.

The first insistence for reversal is that the evidence is insufficient to identify the carcass found on Saturday in appellant's shop as being the yearling owned by Frank Gill, the prosecuting witness. We think the identity be-

tween the carcass and Gill's yearling sufficiently shown by the following facts: Gill's yearling had been raised in the particular range where appellant and Louis Davie killed and dressed the yearling. The place where the animal was killed was a short distance from the home of the prosecuting witness, Frank Gill. Frank Gill's yearling was gentle and accustomed to coming home every evening late, but was never seen in that range or elsewhere after the time appellant and Davie killed and dressed the yearling found in appellant's butcher shop the next day.

It is insisted that the court erred in instructing the jury as follows: "To the indictment in this case the defendant pleads not guilty; that casts the burden upon the State to prove his guilt beyond a reasonable doubt. Before you can convict the defendant, you must be convinced beyond a reasonable doubt, that the State has established his guilt; and the State is required to establish each and every material allegation in this indictment, which are, that the defendant did, either by himself, or with aid or assistance of others, in the Southern District of Prairie County, within three years prior to the finding of this indictment, commit this crime by converting to his own use this cow, the personal property of Frank Gill."

The inherent error contended for in the instruction is that it omitted a criminal or felonious intent as an essential in enumerating the necessary elements constituting larceny. The State justifies the instruction on the ground that the court read the statute to the jury which provides that the crime of larceny must be a taking with the intent to steal, and in emphasizing, in other parts of the charge that the conversion of property must be with a felonious or criminal intent in order to constitute larceny. It will be noticed, in giving the instruction challenged, the court purported to set forth every material allegation necessary to support a charge of larceny, and felonious intent is the very gist of the charge. A conversion without such criminal intent is not larceny. The

omission of this essential, in attempting to define every element of larceny, brings that portion of the instruction challenged in direct conflict with the other parts of the charge, to the effect that a criminal or felonious intent is a necessary essential in a charge of larceny.

Because of the inherent error carried in that portion of the charge challenged, the judgment is reversed and the cause remanded for a new trial.