## ROBERTS *v.* STATE.

### Opinion delivered March 5, 1923.

1. CRIMINAL LAW—INSTRUCTION AS TO CREDIBILITY OF WITNESS.— The credibility of a witness who knowingly testifies falsely as to one or more material facts is wholly for the jury, and it is an invasion of their province to tell them that they may disregard a witness' entire testimony when they believe he has testified falsely as to a material fact.

2. CRIMINAL LAW—INSTRUCTION AS TO CREDIBILITY OF WITNESS.— An instruction on the credibility of witnesses that, if the jury find that any witness has wilfully sworn falsely to any material facts, "you may disregard their whole testimony if you believe it to be false, or believe that part which you think true, and disbelieve that part which you regard to be false," is not erroneous as telling the jury that if they find that any witness has wilfully sworn falsely to any material fact they may disregard all the testimony of such witness.

Appeal from Sebastian Circuit Court, Fort Smith District; *John Brizzolara,* Judge; affirmed.

*Cravens & Cravens,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *Wm. T. Hammock,* Assistants, for appellee.

HART, J. Jack Roberts prosecutes this appeal to reverse a judgment of conviction against him for the crime of selling intoxicating liquors in the Fort Smith District of Sebastian County, Ark., on the 15th day of July, 1922.

His only assignment of error is that the court erred in giving instruction No. 2, which is as follows:

"You are the sole judges of the credibility of the witnesses and the wieght that should be given to their testimony. It is your duty to reconcile the statements of these different witnesses, so as to believe as much of this testimony as you can, but if you cannot do so on account of contradictions, then you have the right to believe the witnesses whom you think the most worthy of credit, and disbelieve the witnesses who you believe from the evidence to be the least worthy of credit. And if you find any witnesses have wilfully sworn falsely to any material facts in this case, you may disregard their whole testi-

mony if you believe it to he false, or believe that part
which you think true, and disbelieve that part which you
regard to be false. And in weighing a witness' testi-
mony you may take into consideration his candor or lack
of candor, his knowledge about the thing he testifies, the
reasonableness or unreasonableness of his testimony, and
his interest, if any be shown, in the result of your
verdict.''

Counsel for the defendant claim that the instruction
is open to the objection that it tells the jury that, if it
finds that any witness has wilfully sworn falsely to any
material fact in issue, it may disregard all the evidence
of such witness, if it sees fit to do so, and rely upon the
decision of *Mangrum* v. *State,* 156 Ark. 306, and cases
cited for a reversal of the judgment.

We do not think that the instruction is of similar
import to any of the instructions referred to in those
cases. While we do not approve the form of the in-
struction, we do hold that it is free from the criticism
of the instructions in the cases cited.

The object of all testimony is to establish the truth,
and the jury is the judge of the credit to be given to
the witnesses. The true rule is that the credibility of a
witness who knowingly testifies falsely as to one or more
material facts is wholly a matter for the jury. It may
believe or disbelieve his testimony as to other facts ac-
cording as it deems such testimony worthy or unworthy
of belief. Hence it is an invasion of the province of the
jury to tell it that it may disregard the entire testimony
of a witness whom it may believe to have testified falsely
as to a material fact.

The present instruction is not open to that criticism
because it tells the jury that, if it believes any witness
has testified falsely to a material fact, it may disregard
his whole testimony if it believes it to be false, or it
may believe that part which it thinks true and disbelieve
that part which it regards false. By this the court meant
to tell the jury that, if it found a witness to have wil-

fully testified falsely on a material point, it might disregard his whole testimony if it believed the whole of it to be false.

Therefore the instruction was technically correct, and an instruction in substantially the same language has been recently approved in the case of *Bryant* v. *State,* 156 Ark. 580.

It follows that the judgment will be affirmed.