STEPHENS *v.* STATE.

Opinion delivered April 28, 1924.

1. INTOXICATING LIQUORS—STORING IN HOTEL—INSTRUCTION.—In a prosecution for storing liquor in a hotel, in violation of Crawford & Moses' Dig., § 6169, an instruction defining such crime in the language of the statute is not erroneous for failure to define a hotel, in the absence of a request therefor; the word "hotel" having a well understood meaning.

2. INTOXICATING LIQUORS—AIDER AND ABETTER.—In a prosecution for storing liquor in a hotel, in violation of Crawford & Moses' Dig., §§ 6165, 6169, evidence *held* to warrant an instruction as to aiding and abetting in the crime charged.

3. CRIMINAL LAW—REPETITION OF INSTRUCTIONS.—It was not error to refuse an instruction covered by one given by the court on his own motion.

4. INTOXICATING LIQUORS—STORING LIQUOR IN HOTEL.—Where a sample room adjoining a hotel was used in connection with the operation of the hotel, it was within Crawford & Moses' Dig., § 6169, making it unlawful to store beverages described in § 6165 in a hotel.

Appeal from Clay Circuit Court, Western District; *G. E. Keck,* Judge; affirmed.

*F. G. Taylor,* for appellant.

*J. S. Utley,* Attorney General, and *John L. Carter,* Assistant, for appellee.

WOOD, J. The appellant was convicted of the crime of storing liquor in a hotel, and, from a judgment fining him in the sum of $100, he appeals.

H. W. Lasater, a witness for the State, testified as follows: "Q. It is alleged in an indictment here that, some time last year, he (Stephens) had kept liquor in his hotel up there. Tell the jury about any time when you went there and got liquor in the hotel. A. I never got any in the hotel. Q. Well, in what part of the building there? A. In the sample-room. Q. To the hotel? A. Yes sir. Q. Built on the back end there? A. Yes sir."

Witness then testified that he wanted a drink, and went to Bill Stephens and asked him if he had any, and he said that he did not, but thought that he knew where there was some, and told witness where it was. It was some kind of whiskey. Witness did not remember how much. It was in a bottle, and witness drank a good part of it. Witness left it there where Stephens told witness he would find it. That was in Corning, Clay County, Arkansas, and within a year prior to the time witness went before the grand jury. There was no entrance-way from the hotel to this store-room or sample-room. You entered the sample-room from the north side. The hotel is a two-story building, and the sample-room only one story high. The sample-room has a different roof over it. A person going from the hotel to the sample-room would have to go out the front door on the street that passes the depot, turn north a little ways, and then west, back to the sample-room, which is a distance of about 100 feet. The room mentioned is used as a sample-room for the traveling men sometimes.

There was testimony on behalf of the appellant tending to prove that the storage or sample-room adjoined the hotel on the west side, and had no door by which it could be entered from the main hotel building. It was sometimes used for storing eggs, and a speeder of some kind, and also some wire and insulators, telephone or telegraph supplies. There was only one entrance to the sample-room, and that was on the north side. To go into the sample-room from the hotel proper, you have to go all around the hotel, west and then south, to get back into

the dining-room from the sample-room into the kitchen. There are now stowed in the sample-room cots, a cook-stove, bedding of different kinds, and stools. These articles belong to five different parties, Stephens owning a one-fifth interest in them. The sample-room was also used as a sample-room by the drummers. The room is not separate and apart from the other building. It joins it. The west wall of the hotel is the east wall of the sample-room. You can step out of the dining-room on the west side, down a piece, to the storage-room. It is not kept open for the public use. The hotel is known as the St. James Hotel, and Stephens owns it, and has been running it for years. The hotel is built of brick on the outside. The material of the outside walls of the other building are all timber, wood and sheet iron over the studding.

The court, after defining the crime in the language of the statute, instructed the jury as follows: "If you find from the evidence in this case, beyond a reasonable doubt, that the defendant, Bill Stephens, did on the first day of January, 1923, or at any time within one year next before the filing of the indictment herein, which was the 19th day of June, 1923, in the Western District of Clay County, Arkansas, unlawfully store, keep, possess and have in his possession alcoholic, vinous, malt, spirituous and fermented liquors in the St. James Hotel in Corning, Arkansas, it will be your duty to find him guilty, and, if you so find, to fix his punishment at a fine not less than $100 nor more than $1,000; that, if you find from the evidence that some other person than the defendant herein, in the Western District of Clay County, Arkansas, at any time within one year next before the filing of the indictment, did unlawfully store, keep, possess and have in possession alcoholic, vinous, malt, spirituous and fermented liquor in the St. James Hotel, in Corning, Arkansas, and further find, beyond a reasonable doubt, from the evidence in this case, that the defendant herein, Bill Stephens, stood by and aided and abetted, or assisted, or, not being present, aided, abetted, or

assisted, advised or encouraged the perpetration of said crime, then the jury should find him guilty, and fix his punishment as defined in the former instruction."

The court further told the jury, in its instruction number 3, that the essence of the crime was the storing of liquor in the hotel, and, before they could convict the defendant, they must find from the evidence in the case, beyond a reasonable doubt, that the room in which the liquor was alleged to have been found or stored was a part of the St. James Hotel, in Corning, Arkansas, and used by the proprietor for a part of the hotel, and in connection with the use and general operation of the hotel. Otherwise, it would be the duty of the jury to acquit the defendant.

The defendant asked the court to instruct the jury to return a verdict of not guilty. The defendant also prayed the following instruction: "Before you can find the defendant guilty, you must find from the evidence, beyond a reasonable doubt, that he stored intoxicating liquors in the St. James Hotel in Corning, Arkansas. You are the judges of whether or not the room where the liquor was found by the witness was in fact in the hotel, and, if you find the liquor was in the building adjoining the hotel and not a part of the hotel, you will find the defendant not guilty, or, if you have a reasonable doubt as to whether or not the building was the hotel or a part of the hotel, you will find the defendant not guilty." The court refused to give this instruction, to which ruling the appellant objected and duly excepted.

1. The appellant contends that the first instruction given by the court was erroneous because it failed to define what it takes to constitute a hotel, under the statute. Section 6169, C. & M. Digest, provides, in part, as follows: "It shall be unlawful for any person, firm or corporation to store, keep, possess, or have in possession, or permit another to store, keep, possess or have in possession, any of the liquors and beverages mentioned in § 6165 of this act * * * in any hotel," etc.

The court, in its instruction No. 1, defined the crime in the language of the statute. It was not necessary for the court to define the word "hotel" as used in the statute any further than the statute itself defined it. The word "hotel" is not a technical term, but, on the contrary, is a word in common and general use which has a well-understood meaning. If the appellant desired to have it more specifically defined, it was his privilege to ask the court to so define it, and his duty to do so, before he could predicate error upon the failure of the court to further define it. *Vassar* v. *State,* 75 Ark. 373; *Hayes* v. *State,* 129 Ark. 324; *Pruitt* v. *State,* 150 Ark. 279.

2. Instruction No. 2 given by the court told the jury, in effect, that, in misdemeanor cases, there were no accessories; that those who stand by aiding, abetting, or assisting, or those who, not being present, have advised and encouraged the commission of the offense, were principal offenders. The appellant objects to the giving of this instruction on the ground that the same was abstract. There was some testimony from which the jury might have found that some one had put the whiskey in the sample-room with the knowledge and permission of the appellant. The jury might have found that the appellant was the owner and proprietor of the hotel and also owned and controlled the sample-room, which was a part of the hotel. The instruction therefore was not abstract, and the court did not err in giving same.

3. The appellant contends that the court erred in not granting its prayers for instruction No. 2, in which the jury would have been told that they were the judges of whether or not the room where the liquor was found was, in fact, in the hotel. This instruction was fully covered by instruction No. 3, which the court gave on its own motion. *Wilson* v. *State,* 130 Ark. 204-208; *Mangrum* v. *State,* 156 Ark. 306.

4. The appellant, in the last place, contends that the court erred in not directing a verdict in his favor because there was no testimony to prove that the room or place in which the liquor was found was a hotel, and

that there was no testimony to sustain the verdict. We cannot concur with the appellant in this view. Witnesses testified that the sample-room where the liquor was found was the sample-room to the hotel; that it was used as a sample-room for traveling men. If the sample-room adjoining the hotel building was in fact a part of the hotel—that is, was being used by the proprietor in connection with the use and general operation of the hotel, then the appellant, in contemplation of the law, was guilty if he stored or allowed whiskey to be stored therein, and this would be true even though the appellant may have used or allowed the room to be used by others for the storage of other things as well as whiskey. See *Cole* v. *State,* 160 Ark. 181. There is no error. Therefore let the judgment be affirmed.