Joe Edward PRIDGEON v. STATE of Arkansas

CR 79-158                                    587 S.W. 2d 225

Opinion delivered October 8, 1979
(Division I)

*Donald H. Smith* of *Eilbott, Smith, Eilbott & Humphries*, for appellant.

*Steve Clark*, Atty. Gen., by: *Catherine Anderson*, Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Following a retrial held pursuant to *Pridgeon v. State,* 262 Ark. 428, 559 S.W. 2d 4 (1977), Joe Edward Pridgeon, the appellant, was convicted under Ark. Stat. Ann. § 82-2617 (Repl. 1976) of possessing heroin with the intent to deliver. Because he had been convicted of the same offense before, the appellant was sentenced under Ark. Stat. Ann. § 82-2624 (Repl. 1976) to 45 years in prison. On appeal, the appellant alleges three errors in the result below. We are not convinced by appellant's arguments, and, accordingly, affirm his conviction.

Appellant first contends that the trial judge erred in refusing to instruct the jury on the meaning of intent. While it is true that the jury must be told what the elements of the offense charged are, *Johnson v. State,* 142 Ark. 573, 219 S.W. 32 (1920), and that the prosecution must prove each element beyond a reasonable doubt, *Peals v. State,* 266 Ark. 410, 584 S.W. 2d 1 (1979), it does not follow that the judge must give the jury a definition of each element. For example, we have said before that common words with ordinary meanings need not be explained to the jury. *Stephens v. State,* 164 Ark. 90, 261 S.W. 37 (1924). We agree with those courts which have found intent to be such a word. See *People v. Ortega,* 181 Colo. 223, 508 P. 2d 784 (1973); *State v. Siekermann,* 367 S.W. 2d 643 (Mo. 1963); and *State v. Audette,* 128 Vt. 374, 264 A. 2d 786 (1970). It should be noted that the Arkansas Model Criminal Instructions contain a relevant instruction, AMCI 3307, which does not define intent.

Second, the appellant argues that Ark. Stat. Ann. § 82-2624 (Repl. 1976), which permits the doubling of the normal penalty imposed for a drug violation upon a second conviction, violates his right to equal protection of the laws because

it authorizes a more severe punishment than that provided for in our general habitual offender act, Ark. Stat. Ann. § 41-1001 (Repl. 1977). We disagree. The equal protection clause forbids only those legislative classifications which represent some form of invidious discrimination. *Levy* v. *Louisiana,* 391 U.S. 68 (1967), reh. den. 303 U.S. 898 (1968) and *Yarbrough* v. *Arkansas State Highway Commission,* 260 Ark. 161, 539 S.W. 2d 419 (1976). Generally, a classification will not be held to be invidious if some rational basis can be found to support it. *Rinaldi* v. *Yeager,* 384 U.S. 305 (1966). The severity of the state's drug problem is a rational basis for this classification. Only when a classification is based on a suspect category, such as race, or infringes on a fundamental liberty, such as the right to travel, will strict scrutiny, a more demanding standard of review, be applied. See generally *Shapiro* v. *Thompson,* 394 U.S. 618 (1968) and *Loving* v. *Virginia,* 388 U.S. 1 (1967). We refuse to hold habitual drug possession a suspect category or delivering heroin a fundamental liberty.

Finally, the appellant argues that doubling a sentence for a person convicted twice for a drug-related offense is cruel and unusual punishment. We reject this argument. Punishment, simply because it is severe, is not cruel and unusual. *Blake* v. *State,* 244, Ark. 37, 423 S.W. 2d 544 (1968). For example, in *Thom* v. *State,* 248 Ark. 180, 450 S.W. 2d 550 (1970) we upheld a sentence of 63 years when it was imposed on a habitual criminal convicted of burglary and grand larceny. We have often said:

> Punishment authorized by statute is never held cruel or unusual or disproportionate to the nature of the offense unless it is a barbarous one unknown to the law or so wholly disproportionate to the nature of the offense as to shock the moral sense of the community. *Hinton* v. *State,* 260 Ark. 42, 49, 537 S.W. 2d 800, 804 (1976).

For these reasons, the appellant's conviction is affirmed.

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and FOGLEMAN, JJ.