In the Matter of The Estate of  Buel EPPERSON, Deceased

84-133                                        679 S.W.2d 792

Supreme Court of Arkansas
Opinion delivered November 13, 1984
[Rehearing denied December 17, 1984.]

Jacoway & Sherman, by: *Merl O. Barnes;* and *George N. Plastiras,* for appellant.

*Richard L. Smith, P.A.,* by: *Daniel R. Carter* and *Mary J. Pruniski,* for appellee.

WEBB HUBBELL, Chief Justice. Buel Epperson executed a will on August 29, 1980, bequeathing his personal property to his wife Wanda, if she survived him, and the rest, residue, and remainder of his estate to the Buel Epperson Family Trust. Buel and Wanda were divorced on March 29, 1982, and Buel married appellee, Carolyn Epperson on August 30, 1982. Buel Epperson died less than a year later on June 20, 1983, without having made a new will.

The August 29, 1980 will was admitted to probate, and appellee filed a petition to elect her dower rights against the will. The appellants, the estate of Buel Epperson, objected, citing Ark. Stat. Ann. § 60-501 (Supp. 1983), which pre-cludes a spouse from asserting a dower or curtesy right by taking against a will unless the surviving spouse had been married to the decedent continuously for a period in excess of one year. The probate court ruled that § 60-501: 1) conflicted with the Arkansas dower statutes; 2) was not intended to be applied when the will predates the marriage; and 3) was unconstitutional. We reverse and remand.

The probate court found that Ark. Stat. Ann. § 60-501 (Supp. 1983) conflicts with Arkansas dower laws. We have a duty, if possible, to reconcile our state's statutes to make them consistent, harmonious, and sensible. *Shinn* v. *Heath,* 259 Ark. 577, 535 S.W.2d 57 (1976). § 60-501 requires a surviving spouse to be married for more than one year before the spouse can take against the will. No similar requirement is placed on the surviving spouse if the

decedent dies intestate. Ark. Stat. Ann. § 61-201 *et seq.* (Supp. 1983).

The legislature has the power to give or withhold dower, and it has the power to declare the manner in which the dower right might be barred. *Skelly Oil* v. *Murphy*, 180 Ark. 1023, 24 S.W.2d 846 (1930). Thus, it is within the province of the legislature to withhold dower where there is a will. However, the legislature merely limited, rather than withheld, dower rights where there is a will. Only those persons who have been married for more than a year may elect to take dower rights where there is a will § 60-501 limits dower rights, but does not conflict with § 61-201 *et seq.,* which define dower rights.

The probate court found § 60-501 unconstitutional as a violation of the 14th Amendment to the United States Constitution. When considering an equal protection challenge to a state legislative classification scheme which does not involve either a "suspect" classification or a "fundamental" right, the proper test is whether the classification bears some rational relationship to a premissible state objective. *Dandridge* v. *Williams,* 397 U.S. 471 (1970). In order to evaluate whether there is a rational relationship, we examine (1) the character of the classification, (2) the individual interests asserted in support of the classification, and (3) the governmental interests asserted in support of the classification. *Corbitt* v. *Mohawk Rubber Co.,* 256 Ark. 932, 511 S.W.2d 184 (1974).

The statute classes differently those people who have been married less than one year from those who have been married more than one year. The equal protection clause prohibits invidious discrimination but does not require identity of treatment. A classification is not invidious if some rational basis can be found to support it. *Pridgeon* v. *State,* 226 Ark. 151, 587 S.W.2d 225 (1979); *Yarbrough* v. *Ark. State Highway Commission,* 260 Ark. 161, 539 S.W.2d 419 (1961).

§ 60-501 precludes a new spouse from immediately receiving full dower or curtesy rights when there is a will.

Individual and governmental interests in this limitation include discouragement of deathbed marriages, and the classification bears a rational relationship to that objective.

Appellee asserts that § 60-501 can be compared to a Pennsylvania mortmain statute, held unconstitutional as violative of Equal Protection by the Pennsylvania Supreme Court. *Estate of Cavill,* 459 Pa. 411, 329 A.2d 503 (1974). That mortmain statute makes invalid bequests for religious purposes included in a will executed within thirty days of death, unless those who would benefit by its invalidity agree that it shall be valid. The Pennsylvania Court, quoting *Eisenstadt* v. *Baird,* 405 U.S. 438 (1972) found that the states do not have the power to legislate that different treatment be accorded to persons placed by statute into different classes on the basis of criteria wholly unrelated to the objective of that statute. However, § 60-501 is based on criteria related to its objective. It protects assets of a decedent in cases in which the assertion of a dower interest would often be contrary to the decedent's intent. Ark. Stat. Ann. § 60-501 (Supp. 1983) is constitutional and does not violate the 14th Amendment.

Since we uphold the constitutionality of § 60-501, appellee's failure to serve the Attorney General with a copy of the proceedings pursuant to Ark. Stat. Ann. § 34-2510 (Repl. 1962) is not prejudicial. However, we would have reversed and remanded on that issue had we not found the statute constitutional. *City of Little Rock* v. *Cash,* 277 Ark. 494, 644 S.W.2d 229 (1983).

The probate court also found that § 60-501 was not intended to be applied when the will predates the marriage because of Ark. Stat. Ann. § 60-407 (Repl. 1970). § 60-501 applies when a married person *"dies testate* as to all or any part of his or her estate"* (Emphasis supplied). § 60-501 does not make any distinction between those wills predating a marriage and those wills made after a marriage. Ark. Stat. Ann. § 60-407 provides:

If after making a will, the testator is divorced all provisions in the will in favor of the testator's spouse

are thereby revoked. . . .

In *McGuire* v. *McGuire*, 275 Ark. 432, 631 S.W.2d 12 (1982), we said the clear meaning of this statute is that any bequest to the former spouse is void, but the remainder of the will remains in effect. Unless the will is completely revoked because all of its substantive provisions favor the decedent's former spouse, the decedent will have died testate, and § 60-501 will apply. § 60-407 does not require a holding that § 60-501 was not intended to be applied when the will predates a marriage.

Since we are reversing the probate court, we remand for further proceeding consistent with this opinion. Neither appellant nor appellee discusses, and the trial court did not make a finding whether decedent's will should have been completely revoked because of § 60-407. The residue of the estate under the will goes to a trust that appears to be for the benefit of decedent's former spouse and children, but this issue was not addressed or developed below, so we do not reach that issue on appeal.

Reversed and remanded.

PURTLE and HOLLINGSWORTH, JJ., dissent.

P.A.HOLLINGSWORTH, Justice, dissenting. The Court correctly states that § 60-501 requires a surviving spouse to be married for more than one year before the spouse can take against the will. The Court then recognizes the fact that no similar requirement is placed on the surviving spouse if the decedent dies intestate. There is a recognition of the different treatment the statute gives to those people who have been married less than one year from those who have been married more than one year.

It is clear that under § 60-407 the former wife, Wanda Epperson, takes nothing under the will. The remaining issue is whether the children take everything or whether the present wife, Carolyn Epperson, has a right to elect to take against the will since she had not been married to the decedent one year.

The Court holds today that § 60-501 is a valid govermental interest discouraging death bed marriages. However, in *Eisenstadt* v. *Baird,* 405 U.S. 438 (1972), the United States Supreme Court stated:

> The Equal Protection Clause of [the fourteenth amendment] does, however, deny to States the power to legislate that different treatment be accorded to persons placed by a state into different classes on the basis of criteria wholly unrelated to the objective of that statute. A classification "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." Citations omitted.

One statute, § 60-501, precludes a surviving spouse from participating in the deceased spouse's estate because of a marriage lasting less than one year. Another section of statutes, § 61-201 *et seq.,* allows a surviving spouse to be endowed in fee simple to various percentages to the decedent spouse's estate regardless of the length of marriage. Clearly, the statutory classification bears only the most tenuous relation to the legislative purpose. Such a combination of results can only be characterized as arbitrary. Therefore, the Equal Protection Clause forbids us to give it any effect.

I would affirm.

PURTLE, J., joins in this dissent.