Honorable Bill Walters State Senator P. O. Box 280 Greenwood, AR 72936
Dear Senator Walters:
This letter is written in response to your request for an Opinion concerning Act 1011 of 1985. This act prohibited all terrain vehicles from being operated on public streets, highways and county roads. You correctly note that this law exempts farmers that are using all terrain vehicles to move from one field to another. Your question is whether this would also apply to a water well driller or a gas well driller that uses an all terrain vehicle to move some equipments, parts and so forth from one site location to another. In addition, you question whether it is constitutional to allow farmers but not similarly situated and related type industries the same right.
Act 1011 of 1985 is compiled at Ark. Stat. Ann. 75-1061 — 1064 (Cumm. Supp. 1985). Ark. Stat. Ann. 75-1062 (Cumm. Suppl. 1985) states:
 It shall be unlawful for any person to operate an all terrain vehicle upon the public streets and highways of this State, notwithstanding the fact that said vehicle may otherwise meet the equipment standards as set for in 3 [75-1703] of Act 201 of 1959, as amended, except that an all terrain vehicle may be operated upon the public streets and highways if the vehicle is used in farming operations and by necessity must be operated upon the public streets and highways in order to get to from one field to another.
The language is clear. The exception for the operation of all terrain vehicles upon public streets and highways only applies to farming operations. This exception would not apply to water well drillers or gas well drillers. They simply do not fit the common definition of a "farming operation."
Your second question is whether it is an unconstitutional discrimination to allow farmers but not similarly situated and related type industries from having the same exemption. When considering equal protection challenges to a Legislative classification which does not involve either a "suspect" class or "fundamental" right the test is whether the classification bears some rationale relationship to the objective sought. In the Matter of the Estate of Epperson, 284 Ark. 35, 679 S.W.2d 792
(1984). The mere fact that two groups are treated differently does not mean an unconstitutional discrimination has occurred. A discrimination must be invidious and if there is some rationale basis to support the distinction the classification is constitutional. When a court is faced with an equal protection challenge it is not necessary for the court to discover the actual basis for the legislation but merely to consider if any rationale basis exists which demonstrates the possibility of a deliberate nexus with state objectives so that the legislation is not utterly arbitrary, capricious and void of any kind of deliberate and lawful purpose. Streight v. Ragland, 280 Ark. 206, 655 S.W.2d 459 (1983).
The operation of a vehicle or in this case an all terrain vehicle, is not a fundamental right nor does it affect a suspect class. Thus, the question is whether there is some rationale basis to support the legislative classification. For the most part, Arkansas is still an agrarian society. I must assume the legislature found that the use of all terrain vehicles in a farming operation is necessary and essential to the farming community. Undoubtedly the legislature did not see the benefit in extending that privilege to other industries. There are numerous reasons or justifications for allowing this privilege to farmers. It appears that there is a rationale basis for granting this privilege to farmers and not to other industries.
In my opinion, this statute is not an unlawful discrimination.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Randel K. Miller.
Sincerely,
Steve Clark Attorney General
SC/RKM/ljm