Carolyn SHAW *v.* Alan Kres SHAW, Personal Representative of the Estate of Lloyd Kenneth Shaw, Deceased

98-1359                                                989 S.W.2d 919

Supreme Court of Arkansas
Opinion delivered May 20, 1999

*Richard F. Hatfield*, for appellant.

*F. Wilson Bynum, Jr., P.A.*, by: *F. Wilson Bynum, Jr.*, for appellee.

Ray Thornton, Justice. Appellant Carolyn Shaw and Lloyd Kenneth Shaw, now deceased, were married four different times over the past thirty years. While their first three marriages were terminated by divorce, their last marriage, from May 31, 1995, until June 12, 1995, ended with Kenneth's death. The Probate Court of Garland County admitted Kenneth's will, dated November 10, 1993, to probate. The will did not mention his wife. Mrs. Shaw filed an election to take against the will, which was denied by the probate court on the grounds that the election statute, Ark. Code Ann. § 28-39-104(a) (1987), required that she have been continuously married to Kenneth for more than one year preceding his death. She brings this appeal, arguing that she satisfied the election statute by having been married to the deceased for more than one year in each of the three previous

marriages, and should therefore be able to take against the will. On this issue of statutory interpretation, we agree with the trial court's interpretation of the law and affirm its decision.

Arkansas Code Annotated § 28-39-401 (1987) provides in pertinent part:

> (a) When a married person dies testate as to all or any part of his or her estate, the surviving spouse shall have the right to take against the will if the surviving spouse has been married to the decedent continuously for a period in excess of one (1) year.
>
> (b) In the event of such election, the rights of the surviving spouse in the estate of the deceased spouse shall be limited to the following:
>
>> (1) The surviving spouse, if a woman, shall receive dower in the deceased husband's real estate and personal property as if he had died intestate, which dower shall be additional to her homestead rights and statutory allowances . . .

Ark. Code Ann. § 28-39-401 (1987).

Mrs. Shaw contends that the wording of the statute does not require the one-year period of marriage to be the year immediately preceding the death. Rather, she argues that her previous marriages to Kenneth, from August 1962 until March 1966, from September 1967 until June 1972, and from June 1979 until August 1986, which cumulatively total fifteen years and seven months of marriage, should satisfy the one-year requirement, notwithstanding the fact that the marriage in place at the time of Kenneth's death lasted only thirteen days. Mrs. Shaw further contends that the legislative history of the act supports her interpretation of the statutory language.

■ We have uniformly held that, in the construction and interpretation of statutes, the intention of the Legislature is to be ascertained and given effect from the language of the act if that can be done. In doing this, each section is to be read in the light of every other section, and the object and purposes of the act are to be considered. The reason is that statutes are written to be understood by the people to whom they apply, and their words and

phrases are considered and used in their plain and ordinary, as distinguished from their technical meaning, where the language is plain and unambiguous. In such cases it is said that, where the intention of the Legislature is clear from the words used, there is no room for construction, and no excuse for adding to or changing the meaning of the language employed. *Berry v. Sale*, 184 Ark. 655, 43 S.W.2d 225 (1931).

■ ■ On review of an issue of statutory interpretation, we are not bound by the decision of the trial court. However, in the absence of a showing that the trial court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *State v. Havens*, 337 Ark. 161, 987 S.W.2d 686 (1999). Here, the language of the statute is clear and unambiguous, and does not require our resort to a review of legislative intent, as Mrs. Shaw requests. The words plainly state that "the *surviving spouse* shall have the right to take against the will if the *surviving spouse* has been married to the decedent *continuously for a period in excess of one (1) year*." Ark. Code Ann. § 28-39-401(a) (emphasis added). Mrs. Shaw's argument is essentially that each of her marriages to the deceased was a continuation of the previous marriage which ended in divorce, and that the public policy underlying the statutory requirement could be satisfied by a succession of marriages. However, each marriage did end in divorce and the marriages were dissolved. Divorce is a severing of all possible ties between two parties, and results in the dividing of the property they have acquired in the marriage on the date of the divorce, as well as the termination of dower.

■ In a divorce *a vinculo* the dissolution of the marriage is absolute. The common law in this respect is unrepealed. Here no *quasi*-marital relation or condition exists, after a divorce from the bonds of matrimony has been granted, upon which the right to dower can attach. Under the statutes of this state only the widow is entitled to dower. *Wood v. Wood*, 59 Ark. 441, 27 S.W. 641 (1894). The purpose of the election statute was to put an end to all controversies as to dower rights. A divorced wife is not entitled to dower. *Beene v. Beene*, 64 Ark. 518, 43 S.W. 968 (1898);

*Kendall v. Crenshaw*, 116 Ark. 427, 173 S.W.2d 393 (1915). The election statute allows a *surviving spouse* to take against the will. The only marriage which produces a surviving spouse is the one which exists at the time of death. Here, that marriage lasted only thirteen days.

■ ■ The Legislature used the word "continuously" in describing the marriage period. According to Black's Law Dictionary, "continuously" means "uninterrupted; unbroken; not intermittent or occasional." BLACK'S LAW DICTIONARY 322 (6th ed. 1990). "Continuously" applies to the marriage in effect at the time of death which results in the existence of a "surviving spouse." Because each of Mrs. Shaw's previous marriages were terminated by divorce, her dower rights from each of those marriages were also terminated by each divorce. No statutory right to take against the will attached to the final marriage because the couple had only been married for thirteen days.

■ Mrs. Shaw also raises an Equal Protection argument in her brief, which was not raised to the probate court below. In the absence of a showing that the trial court was given the opportunity to pass on the arguments, we must affirm the trial court's decision. Arguments raised for the first time on appeal will not be considered on appeal. *Furman v. Holloway*, 312 Ark. 378, 849 S.W.2d 520 (1993). However, we note that an equal-protection attack on the election statute has been resolved in favor of constitutionality in *In re: Estate of Epperson*, 284 Ark. 35, 679 S.W.2d 792 (1984).

Affirmed.

BROWN, J., not participating.