Terry Edward GABRION v. STATE of Arkansas

CA CR 00-473

42 S.W.3d 572

Court of Appeals of Arkansas
Division IV
Opinion delivered March 21, 2001

*Stuart Vess*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Jeffrey A. Weber*, Ass't Att'y Gen., for appellec.

ANDREE LAYTON ROAF, Judge. Terry Edward Gabrion was convicted in a Pulaski County jury trial of two counts of pandering or possessing a visual or print medium depicting sexually explicit conduct involving a child, for which he received concurrent four-year sentences in the Arkansas Department of Correction. On appeal, Gabrion challenges the sufficiency of the evidence and the trial judge's refusal to give the jury his proffered instruction defining the word "lewd." We affirm.

The charges arose from a complaint made by two individuals that Gabrion had possessed videotapes containing child pornography. Gabrion admitted to the North Little Rock Police that he had made the tapes of two girls, whom he knew to be fourteen years old. On the tapes, Gabrion can be seen and heard directing both girls to undress and assume suggestive poses that showed off their breasts and buttocks. The tapes contained full frontal nudity of both young girls as they donned costumes that Gabrion had provided for them.

Looking first at Gabrion's challenge to the sufficiency of the evidence, he concedes that he knowingly possessed two videotapes depicting two fourteen-year-old girls with their breasts exposed and that in one "scene" one of the girls kissed one of the other girl's nipples. However, Gabrion argues that these scenes do not constitute sufficient evidence to sustain his convictions because they do not involve sexually explicit conduct as required by Ark. Code Ann. § 5-27-304 (Repl. 1997). Gabrion claims that in deference to *Ferber v. New York*, 458 U.S. 747 (1982), the legislature inserted the word "lewd" into the statute to avoid "any constitutional problem" and that the images on the tapes simply were not "lewd." He asserts that if "any exhibition by a child" were deemed to be "lewd," the word would have no meaning and the statute would criminalize even the possession of nude or seminude baby pictures. Without citation of authority, Gabrion argues that in determining if the acts on the tapes were "lewd," this court should ignore the fact that the girls were underage and consider the same acts as if they were performed by adults. This argument is without merit.

In a challenge to the sufficiency of the evidence, we review the evidence in the light most favorable to the State and sustain a judgment of conviction if there is substantial evidence to support it. *Abdullah v. State*, 301 Ark. 235, 783 S.W.2d 58 (1990). Substantial evidence is evidence that is of sufficient certainty and precision to compel a conclusion one way or another. *Byrd v. State*, 337 Ark. 413, 992 S.W.2d 759 (1999). The offense of pandering or possessing visual or print medium depicting sexually explicit conduct involving a child is codified in pertinent part as follows:

> (a) No person, with knowledge of the character of the visual or print medium involved, shall do any of the following:
>
>     . . .

(2) Knowingly solicit, receive, purchase, exchange, possess, view, distribute, or control any visual or print medium depicting a child participating or engaging in sexually explicit conduct.

Ark. Code Ann. § 5-27-304 (Repl. 1997). In pertinent part, Ark. Code Ann. § 5-27-401(3) (Repl. 1997) states: " 'Sexual conduct' means . . . lewd exhibition of the genitals or pubic area of any person or the breasts of a female." *Black's Law Dictionary* in part defines "lewd" as "obscene, lustful, indecent, lascivious." 907 (6th ed. 1990). It defines "indecent" as "offensive to common propriety; offending against modesty or delicacy." *Id.* at 768.

■ Gabrion's argument ignores the fact that the videotapes in question show full frontal nudity of both underage girls. Even if we were to accept Gabrion's argument that exhibition of the girls' breasts on the tape was not "lewd," his failure to address this important fact is fatal to his appeal. However, even if Gabrion had not made this omission, we would still hold that the scenes depicted on the tapes were at the very least indecent and, therefore, "lewd" as contemplated by Ark. Code Ann. § 5-27-401(3).

Gabrion also argues that the trial court erred in failing to instruct the jury as to the definition of "lewd" because "sexually explicit conduct" was defined as the "lewd exhibition of . . . the breast of a female." He contends that "lewd" does not have an ordinary meaning, and with no definition of "lewd" in the code, the jury was left to speculate as to its meaning. This argument is without merit.

■ ■ We disagree with Gabrion's bald assertion that "lewd" does not have an ordinary meaning, and it is settled law that common words with ordinary meanings need not be explained to the jury. *Pridgeon v. State*, 266 Ark. 651, 587 S.W.2d 225 (1979). Moreover, at trial, Gabrion proffered the following jury instruction:

"Obscene material" means material which:

(1) Depicts or describes in a patently offensive manner sadomasachistic abuse, sexual conduct or hard-core sexual conduct,

(2) that to the average person, applying contemporary statewide standards, and

(3) taken as whole lacks serious literary, artistic, political, or scientific value.

As noted above, the definition of lewd is more inclusive and not simply synonymous with the word "obscene," which, conversely, is a term of art. Accordingly, even if we were to find that an instruction on the meaning of lewd was indicated in this case, the failure to give Gabrion's proffered instruction was not reversible error because it was an inaccurate statement of the law. *See, e.g., Smith v. State*, 68 Ark. App. 106, 3 S.W.3d 712 (1999).

Affirmed.

ROBBINS and BIRD, JJ., agree.